## JIM GIBSON, *alias* KEMP, *v.* THE STATE.

NEW TRIAL.— Under the Code of this state, as well as at common law, a defendant in a felony case has the right to be personally present in court when his motion for a new trial is being heard and determined; and when, as in the present case, the record affirmatively shows that the defendant's motion for a new trial was heard and determined during his absence, and that he subsequently objected thereto in the court below, the conviction will be set aside and the cause be remanded for a new trial.

APPEAL from the District Court of Washington.    Tried below before the Hon. E. B. TURNER.

The indictment was for theft of a mare worth $40. The jury found the appellant guilty, and assessed his punishment at ten years in the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.    We propose to notice but one of the questions complained of as error in this case, and it is one presented both in the assignment of errors and in the statement of facts.    In the assignment of errors it reads thus : " The court erred in hearing and determining the defendant's motion for a new trial while the defendant was absent in jail, and without a waiver of his presence in court."

It is provided in our statute that, " in all prosecutions for felonies, the defendant must be personally present on the trial."    Pasc. Dig., art. 3008.    Now, what is a trial? and when can it be said to be complete and at an end?

A trial is " the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue." 4 Mason, 232 ; Bouv. L. Dic.    In criminal law it is synonymous with the term " criminal action," which, as used in our Penal Code, " means the whole and any part of the procedure which the law provides for bringing offenders to justice, and the terms ' prosecution,' ' criminal prosecution,' ' accusation,' and ' criminal accusation ' are used in the same sense."    Pas. Dig., art. 1627.    " A criminal action is prosecuted in the name of the state of Texas against the person accused."    Pas. Dig., art. 2518.    Such a trial, as was said by our Supreme Court in the case of *Hill* v. *The State*,

" may well be held incomplete until all the issues of law as well as of fact have been determined, and the final judgment entered.   Until this is done, no appeal can be prosecuted." 41 Texas, 255.   Nor is the trial complete until the accused has had an opportunity, if he so desire, to avail himself of his statutory right to present his motion for a new trial and in arrest of judgment.   Pasc. Dig., arts. 3136, 3141.

" If a new trial is not granted nor the judgment arrested, the judgment of the court, in cases of felony, shall be entered and sentence pronounced in the presence of the defendant, at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment."  Art. 3147.

From the foregoing it would seem to us that our statutes clearly contemplated that no important step should be taken, and no action or proceeding had, in the trial of a felony case, unless the defendant is present.

Mr. Bishop says : " In order to institute proceedings against one suspected of crime, it is necessary to take preliminary steps in his absence ; but the principle pervades the entire law of criminal procedure that, after indictment found, nothing shall be done in the cause in the absence of the prisoner."   1 Bishop's Cr. Proc., sec. 265.   He admits that, as to proceedings had between the verdict and sentence, the law on the subject of the necessity of the prisoner's presence " is not held in all judicial localities alike."   1 Bishop's Cr. Proc., sec. 276.   He further says : " There are some cases, English and American, in which matters of this sort have been passed upon.   It is not easy to derive from them any exact and certain rules, nor is it, perhaps, important.   Yet it may be suggested, as a general proposition resting rather in the reason of the thing than in any precise line of adjudication, that, if there is to be agitated a mere matter of law before the court, there is no reason why

it should not be done by counsel in the absence of the prisoner." 1 Bishop's Cr. Proc., sec. 277.

We do not think the rule here suggested by the learned author could be permitted to override the construction we place upon our statutes. But suppose we admit, for the sake of the argument, that our Code is doubtful or silent upon the subject, the rule would be regulated by the practice under the common law; for it is provided that, "whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, and is, therefore, defective, the rules of the common law shall be applied and govern." Pasc. Dig., art. 2493.

"The well-established practice in England is that a prisoner accused of felony must be arraigned in person, and must plead in person; and in all the subsequent proceedings it is required that he shall appear in person. This practice is stated in Chitty's Criminal Law, volume 1, pages 411–414." *Sperry* v. *The Commonwealth*, 9 Leigh, 623.

The Supreme Court of Arkansas, upon a statute similar to article 3008, Paschal's Digest, above quoted, say: "No indictment for felony shall be tried unless the defendant be personally present during the trial. This was only declaratory and an affirmance of the common law, which would not allow any proceedings affecting life or liberty to be had in the absence of the prisoner; and, when any step was to be taken in the cause, the prisoner was to be present personally, lest in so important a matter he should be · prejudiced. This care of the law for his safety was extended through the whole trial, from his arraignment to his final conviction or acquittal." *Sneed* v. *The State*, 5 Ark. 431, citing 1 Chitty's Cr. Law; 1 Term Rep. 434; 1 Breese, 109; 1 Wend. 91. In *Fight* v. *The State*, 7 Ohio, 182, it is said: "In England, in misdemeanors, when the defendant is on bail, a trial, conviction, and sentence may be had in his

absence.   He is present or not, at his option.   In felonies
a different rule prevails.   The accused must be present
when every principle of the law is discussed and determined
in which he is concerned." ˙

In *The State* v. *Decklotts*, Judge Dillon says: "It is
better, but we do not say that it is necessary, for the de-
fendant to be present upon the argument of a motion for a
new trial."   19 Iowa, 447.   In that case the learned judge
did not think the statutes of Iowa secured the right to the
accused, though he did not decide the point, because "the
error, if any, was cured by an offer of the court to permit
defendant to file and argue his motion for a new trial anew,
which he declined."

A case directly in point is *Hooker* v. *The Commonwealth.*
In that case the court say: "The record made up, as it
now stands, shows that on the 24th of April, when a motion
was made to set aside the verdict of the jury, and again on
the 26th of April, when the motion was overruled and judg-
ment rendered, the plaintiff appeared by attorney; and
there is nothing to show that he was personally present in
court on either day.   This is probably the result of mere
inadvertence in making up the record; yet this court must
only look to the record as it is.   That this is error is shown
by Sperry's case, 9 Leigh, 623.   It is the right of any
one, when prosecuted on a capital or criminal charge, 'to
be confronted with the accusers and witnesses,' and it is
within the scope of this right that he be present, not only
when the jury are hearing his case, but at any subsequent
stage when anything may be done in the prosecution by
which he is to be affected."   13 Gratt. 763.   The objection
that the accused was not present when any proceeding was
had in his case should always be made in the lower court,
in order that that court might have an opportunity to cor-
rect the error.

Our conclusion of the whole matter is that, under our

statutes, at common law, and by the weight of authority in this country, a defendant in a felony case has the right to be personally present in court when his motion for a new trial is being heard and determined ; and when the record shows affirmatively, as in this case, that he was not present at such time, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*