**Michael James HAIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–88–00538, 05–88–00539–CR.**

Court of Appeals of Texas,
Dallas.

April 20, 1989.

Rehearing Denied May 31, 1989.

Discretionary Review Refused
Sept. 20, 1989.

Ross Teter, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

LAGARDE, Justice.

In each of these cases, appellant's motion for leave to file appellant's brief on appeal by and through attorney at law, Ross Teter, is granted. In so doing, we express no opinion as to whether Teter is appointed counsel for appellant on appeal. Accordingly, appellant's tendered briefs are ordered filed as of August 24, 1988, the file date marked thereon.

On May 7, 1987, appellant, Michael James Haight, pursuant to a plea bargain agreement in trial cause number F87–78754–JI (appellate cause number 05–88–00538–CR),[1] pleaded guilty before the trial court to the offense of unauthorized use of a motor vehicle committed in Dallas County, Texas on February 20, 1987. Adjudication was deferred, and appellant was put on probation for three years. Three days later, on May 10, 1987, appellant was arrested for a second offense of unauthorized use of a motor vehicle and charged with that offense under trial cause number F87–80962–SI (appellate cause number 05–88–00539–CR).

On May 26, 1987, in trial cause number F87–78754–JI, the State filed a motion to proceed with adjudication based on appellant's failure to report and failure to pay probation fees. On July 23, 1987, the trial court granted the State's motion to withdraw its motion to proceed to an adjudication of guilt in trial cause number F87–78754–JI. Further, on July 23, 1987, pursuant to a plea bargain agreement in trial cause number F87–80962–SI, appellant pleaded guilty before the court to the May 10, 1987 offense. Adjudication was again deferred, and appellant was put on probation for three years. On October 15, 1987, the State filed a motion to proceed with an adjudication of guilt in trial cause numbers F87–78754–JI and F87–80962–SI.

██ On January 28, 1988, the State filed an amended motion to proceed with adjudication in trial cause number F87–78754–JI. On that same date, appellant pleaded untrue[2] to the allegations contained in the State's motion to adjudicate in each case. After a hearing, the trial court adjudicated appellant's guilt and sentenced him to ten years in the Texas Department of Corrections and assessed a $1,000 fine in each

---

1. In its brief, the State shows appellate cause number 05–88–00539–CR to be an appeal from trial court number F87–78754–JI; however, the record reflects that appellate cause number 05–88–00539–CR is an appeal from trial court number F87–80962–SI and appellate cause number 05–88–00538–CR is an appeal from trial cause number F87–78754–JI.

2. Appellant tells us in his brief that he pleaded true; however, the record reflects that he entered a plea of untrue.

case.[3] Appellant timely filed a motion for new trial in each cause alleging, *inter alia*, that his "plea of guilty, waiver of jury and judicial confession were involuntary and insufficient to support a conviction because they resulted from the failure of Defendant's counsel to render effective legal assistance as required by the Sixth and Fourteenth Amendments to the United States Constitution." In support of the contentions in his motion for new trial, appellant alleged facts extrinsic to the record and specifically requested an evidentiary hearing.

At the conclusion of the motion for new trial, the following appears:

### AFFIDAVIT

(Pursuant to Title 28, United States Code, Section 1746)

I, the undersigned, being presently incarcerated in a penal institution, do hereby declare under oath and penalty of perjury that the facts, statements and allegations set forth in the foregoing Motion for New Trial are within my personal knowledge and are true and correct.

Executed on this 26th day of February, 1988.

/s/ Michael Haight
Defendant

---

**3.** The record reflects that in trial cause number F87–78754–JI, the trial court's order of probation without adjudication of guilt erroneously reflects that appellant was indicted for, and that the evidence submitted substantiated appellant's guilt of, the offense of theft of property of the value of $750 or more but less than $20,000. Likewise, the trial court's judgment adjudicating guilt and the sentence in trial cause number F87–78754–JI reflect that appellant was convicted of the offense of theft of property of the value of $750 or more but less than $20,000. The indictment in trial cause number F87–78754–JI reflects that appellant was actually indicted for unauthorized use of a motor vehicle (UUMV), and the State's motions to adjudicate correctly reflect the UUMV offense. Where, as here, this Court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Banks v. State,* 708 S.W.2d 460, 462 (Tex.Crim. App.1986); *Martinez v. State,* 634 S.W.2d 929, 939 (Tex.App.—San Antonio 1982, pet. ref'd), *citing Joles v. State,* 563 S.W.2d 619, 622 (Tex.

TDC Number (if applicable)

_____

TDC Unit (or jail)

_____

City, State, Zip

In trial cause number F87–80962–SI, the trial court denied the motion without a hearing. In trial cause number F87–78754–JI, the motion was overruled as a matter of law without a hearing.[4]

■ In his fourth point of error, appellant complains that the trial court erred in denying his motion for new trial without a hearing. For the reasons that follow, we sustain appellant's fourth point of error and remand this cause to the trial court for further proceedings.

Initially, we conclude that the affidavit as executed, although deficient, substantially complies with the form prescribed by section 132.002 of the Texas Civil Practice and Remedies Code.[5] *See McMillan v. State,* 769 S.W.2d 675, 677 (Tex.App.—Dallas 1989, n.p.h.); *Owens v. State,* 763 S.W.2d 489, 490–91 (Tex.App.—Dallas 1988, pet. pending). Having presented to the trial court a timely verified motion for a new trial raising matters extrinsic to the record, appellant was entitled to an evidentiary hearing. The trial court, therefore, abused its discretion in denying a hearing on the motion. *See McIntire v. State,* 698

Crim.App.1978) and *Vasquez v. State,* 477 S.W.2d 629, 635 (Tex.Crim.App.1972).

Therefore, pursuant to our authority under rule 80(b) of Texas Rules of Appellate Procedure (formerly article 44.24 of the Texas Code of Criminal Procedure), we reform the trial court's order of probation without adjudication of guilt, the judgment adjudicating guilt and the sentence in trial cause number F87–78754–JI to correctly reflect the UUMV offense.

**4.** Under Texas Rule of Appellate Procedure 31(c)(1), the accused must present the motion for new trial to the trial court within ten days after filing it unless the trial judge permits the motion to be presented and heard within seventy-five days from the date sentence is imposed or suspended. The record is unclear as to whether presentment was made, and the State fails to address this point in its brief. Thus, we will not consider the presentment issue.

**5.** TEX.CIV.PRAC. & REM.CODE ANN. § 132.001, 132.002, 132.003 (Vernon Supp.1989).

S.W.2d 652, 658–60 (Tex.Crim.App.1985); *Fielding v. State*, 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, pet. ref'd); *see also Green v. State*, 754 S.W.2d 687, 688 (Tex.Crim.App.1988). We conclude that by denying appellant a hearing on his motion for new trial, the trial court abdicated its fact-finding function and thereby impaired appellant's right of appeal. *See Owens*, 763 S.W.2d at 492. We sustain appellant's fourth point of error.

■ Having determined that the trial court abused its discretion in denying appellant a hearing on his motion for new trial, we remand these cases, pursuant to rule 81(a) of the Texas Rules of Appellate Procedure, to the trial court to allow it to correct its error by conducting a motion for new trial hearing. Accordingly, in each case, we set aside the notice of appeal and the trial court's order denying appellant's motion for new trial. We fully recognize that the "1981 amendment to Article 42.02 [6] ... had the effect of unifying the judgment and sentence" and that "[t]he sentence is now an integral part of the judgment," *Stokes v. State*, 688 S.W.2d 539, 541 (Tex. Crim.App.1985); thus, we set aside only the imposition of sentence portion of the final judgment. The sentence can be re-imposed by the trial court following the hearing if the trial court again denies appellant's motion for new trial. Appellant's right of appeal and the appellate timetable attendant thereto are thereby preserved. Of course, if the trial court grants the motion for new trial, re-imposition of sentence is not required. We conclude this is a better procedure than suspension of the rules pursuant to rule 2(b) of the Texas Rules of Appellate Procedure, *see McMillan v. State*, at 677, in light of that rule's limitations. *See* TEX.R.APP.P. 2(a).

6. Article 42.02 reads: "The sentence is that part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM.PROC. ANN. art. 42.02 (Vernon Supp.1989).