Daniel Salazar **VERA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–91–0168–CR.

Court of Appeals of Texas, Amarillo.

Aug. 25, 1992.

Marvin Williams, Jr., Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

## ORDER OF ABATEMENT AND REMAND

POFF, Justice.

■ Appellant Daniel Salazar Vera was found guilty by a jury of aggravated sexual assault. The jury assessed punishment at 28 years confinement in the Texas Department of Criminal Justice, Institutional Division. In his first point of error, appellant argues that the trial court erred in allowing the State's attorney to make argument to the jury outside the record. In his second point of error, appellant contends the trial court erred by not holding a hearing on his motion for new trial within 75 days after sentence was imposed and in allowing his motion for new trial to be overruled by operation of law. We will overrule point of error one.[1] We will sustain point of error two, abate the appeal, and remand the case to the trial court.

Appellant was indicted for an aggravated sexual assault occurring on or about July 15, 1987. The victim testified that appellant, her stepfather, assaulted her on a summer afternoon at her home. While the victim's testimony as to the particular summer the assault occurred was at times confusing, the record conclusively shows the victim finally testified the assault took place during the summer between her first and second grade years.

■ Perhaps because of the victim's occasional confusion during the early portion of her testimony as to when the assault

occurred, the State's attorney made the following argument to the jury:

> You know, [the victim] told her story to a lot of people about what body part was placed in what part of her body parts. Mr. Williams [the defense attorney] nor myself never asked one witness about, "Did she change anything? Tell you one thing one time and another thing another time?" No. She told her story a lot of times and she told it the same way. The same things happened. The thing that was different was when. Why? I submit to you because it happened so many times she didn't know what day this time happened on.

Appellant contends that "[t]he complaining witness testified only to this one incident, and there was no evidence or testimony from any of the other State's witnesses as to any other sexual assaults between Appellant and the complaining witness." Therefore, says appellant, "the State's argument was outside the record and not a reasonable deduction from the evidence." We read the record differently.

In her testimony, the victim alluded to the fact that she had been assaulted on more than one occasion. When queried on cross-examination as to whom she first related the sexual abuse, the victim stated that she told her sister Sylvia "what was happening to me." When cross-examined concerning the time the assault in question took place, the victim replied, "I really can't remember because there was a lot of things that happened to me, just like all the same." Later, on redirect examination, the victim testified that she told two other individuals about the sexual abuse, stating, "I told them what [appellant] was doing to me. I told them he was touching me."

---

1. We find it important to discuss point of error one. If we sustained that point, the case would be reversed and the cause remanded for a new trial. There would be no need to reach appellant's point of error regarding the denial of a hearing on his motion for new trial. Appellant would have already obtained all the relief he could obtain through the granting of his new trial motion. We recognize that other courts have chosen *not* to address other points of error when presented with a point of error concerning the denial of a hearing on a motion for new trial. *See Trevino v. State,* 565 S.W.2d 938, 939 (Tex.Crim.App.1978); *Haight v. State,* 772 S.W.2d 159, 161 (Tex.App.—Dallas 1988, pet. ref'd); *McMillan v. State,* 769 S.W.2d 675, 676 (Tex.App.—Dallas 1989, pet. ref'd); *Owens v. State,* 763 S.W.2d 489, 492 (Tex.App.—Dallas 1988, pet. ref'd). Nothing requires us to pass over other, possibly dispositive points of error as those courts did.

Doctor Charles Mahone, a clinical psychologist, testified concerning an interview he conducted with the victim. Dr. Mahone testified as follows:

I got the impression that this [sexual contact with appellant] had been going on for so long that she had become accustomed to it; that she had made some adjustments to whatever traumatic impact was there initially, so that, for example, she did not show fear in talking about it. She did not show hurt in talking about it. It was just one of those things that should not have happened; that she resisted and had been trying to cop[e] with for a number of years. Had become accustomed to dealing with it, and had been fairly successful in avoiding him, she said, for the last two years.

Dr. Mahone also testified that the victim told him that appellant still grabbed at her and that appellant "had been after her ever since she was six years old."

The foregoing testimony by the victim and by Dr. Mahone provides an adequate basis for a reasonable deduction that appellant had sexually abused the victim several times. Since a jury argument is proper if it concerns, *inter alia,* a reasonable deduction from the evidence, *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973), the trial court did not err in permitting the State's argument in this case. Point of error one is overruled.

■ We turn now to appellant's second point of error. Appellant's sentence was imposed on March 6, 1991. Appellant timely filed a motion for new trial on April 5, 1991. *See* Tex.R.App.P. 31(a) (motion for new trial must be filed within thirty days after the date sentence is imposed); *Drew v. State,* 743 S.W.2d 207, 222–23 (Tex.Crim.App.1987). As required by Tex.R.App.P. 31(c)(1), appellant presented his motion for new trial to the trial court within ten days after filing the motion. The trial court set a hearing on the motion for May 31, 1991. Thus, the hearing date was scheduled for a date 86 days after the date sentence was imposed. Because a motion for new trial is overruled by operation of law if the trial court fails to make a determination on the

motion within 75 days after the date sentence is imposed, Tex.R.App.P. 31(e), appellant's motion for new trial was overruled by operation of law. Accordingly, no hearing was held on May 31. Indeed, a hearing on May 31 would have been unauthorized because the motion for new trial had already been overruled by operation of law. *Trevino v. State,* 565 S.W.2d 938, 941 (Tex. Crim.App.1978); *Boykin v. State,* 516 S.W.2d 946, 947 (Tex.Crim.App.1974); *Adams v. State,* 765 S.W.2d 479, 481 (Tex. App.—Texarkana 1988, pet. ref'd). Appellant contends that the trial court abused its discretion by not holding a hearing on his motion for new trial within 75 days after sentence was imposed.

■ When a party presents to the trial court a timely motion for new trial, supported by affidavit, which raises matters extrinsic to the record, a trial court abuses its discretion by denying a hearing on the motion. *McIntire v. State,* 698 S.W.2d 652, 656–61 (Tex.Crim.App.1985). Abuse of discretion is the proper standard of review. *Kiser v. State,* 788 S.W.2d 909, 914 (Tex. App.—Dallas 1990, pet. ref'd). An appellant whose motion is timely filed and presented to the court with adequate supporting affidavits has an absolute right to a hearing. *McIntire v. State,* 698 S.W.2d at 660 n. 16. "[A] motion for new trial hearing 'is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review.'" *Id.* at 660 (quoting *Trevino v. State,* 565 S.W.2d at 940). "In the face of a timely motion for new trial supported by sufficient affidavit, a trial court which denies an accused this opportunity abdicates its fact finding function and denies the accused a meaningful appellate review." *McIntire v. State,* 698 S.W.2d at 660.

■ There is no question that appellant filed and presented his motion for new trial in a timely fashion. Nor is there any question that appellant's motion is supported by affidavits properly raising matters extrinsic to the record. In his motion for new trial, appellant alleged that the jurors discussed his failure to testify as well as the

effects of the parole law on his sentence. Attached to appellant's motion for new trial were the affidavits of two jurors in support of appellant's allegations. Either basis for a new trial was plead sufficiently to entitle appellant to a hearing on his motion for new trial. *See id.,* 698 S.W.2d at 658. The question before us is whether the trial court's act of setting the hearing date more than 75 days after the date the sentence was imposed constitutes a denial of a hearing on the motion for new trial. We find that the trial court's act of setting the hearing date 86 days after the sentence constituted a denial of a hearing on appellant's motion for new trial. Accordingly, point of error two is sustained.

 Having determined that the trial court abused its discretion in denying appellant a hearing on his motion for new trial, we must now decide upon the proper remedy. A hearing on a motion for new trial "is fundamentally a part of the post-trial review process, and not a part of the trial itself." *Trevino v. State,* 565 S.W.2d at 941; *see Callis v. State,* 756 S.W.2d 826, 827 (Tex.App.—Houston [1st Dist.] 1988, no pet.). A trial court's failure to hold a hearing on a motion for new trial may be corrected without reversing the court's judgment and remanding the cause for a new trial. Reversal and remand is inappropriate "[i]f the erroneous ... failure ... of the trial judge to act shall prevent the proper presentation of a cause to the court of appeals, and [is] such as may be corrected by the judge of the trial court." Tex.R.App.P. 81(a); *see McMillan v. State,* 769 S.W.2d 675, 677 (Tex.App.—Dallas 1989, pet. ref'd). Here, the trial court can correct its error by conducting a hearing on appellant's motion for new trial, thereby allowing for a proper presentation of the cause to this court.

 Accordingly, we abate the appeal. *See Price v. State,* 826 S.W.2d 947, 948 (Tex.Crim.App.1992); *Cox v. State,* 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no writ). By virtue of a mandate that will issue forthwith, we reinvest in the trial court the jurisdiction it lost when the record was filed in this court. *See* Tex.R.App.P. 40(b)(2). We remand the cause to the trial court and order that court to conduct a hearing on appellant's motion for new trial. *See Trevino v. State,* 565 S.W.2d at 941–42; *Haight v. State,* 772 S.W.2d 159, 162 (Tex.App.—Dallas 1989, pet. ref'd); *Owens v. State,* 763 S.W.2d 489, 492–93 (Tex.App.—Dallas 1988, pet. ref'd). We set aside the notice of appeal as well as that portion of the judgment imposing sentence. *See Trevino v. State,* 565 S.W.2d at 941; *Haight v. State,* 772 S.W.2d at 162; *Owens v. State,* 763 S.W.2d at 492. The effect of our order is to return appellant to that stage of the proceeding before the imposition of sentence and the filing of notice of appeal. *See Cox v. State,* 797 S.W.2d at 959. Because notice of appeal has been set aside, the case is no longer "on appeal" and should not remain in this court. *Id.* The mandate which we will issue will forever dispose of this particular appeal. *See id.*[2]

 If the trial court denies the motion for new trial, appellant's sentence must be reimposed. *Trevino v. State,* 565 S.W.2d at 941; *Cox v. State,* 797 S.W.2d at 959; *Haight v. State,* 772 S.W.2d at 162; *Owens v. State,* 763 S.W.2d at 492. Appellant, if he wishes to appeal any aspect of the case, must then start the appeal process anew. *Price v. State,* 826 S.W.2d at 948.

It is so ordered.

2. We note that our order of abatement in this case differs from a typical abatement for findings of fact and conclusions of law. The typical abatement is an interlocutory decision by this court and is not appealable. *Price v. State,* 826 S.W.2d 947, 948 (Tex.Crim.App.1992). The abatement in this case is a final, appealable decision. *Id.*