David MONTOYA a/k/a Miguel Olberra, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–93–0577–CR, 01–93–0578–CR.

Court of Appeals of Texas, Houston [1st Dist.].

Feb. 10, 1994.

James R. Walker, Houston, for appellant.

John B. Holmes, Jr., Dan McCrory, Chuck Noll, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, David Montoya, pled guilty to the offenses of delivery of cocaine and possession of marijuana. The trial court assessed punishment at 35 years and ten years, respectively. We affirm.

On September 18, 1992, appellant filed a motion for new trial alleging that his plea was unknowing and involuntary because he is hard of hearing and does not speak or understand English. The trial court denied this motion. Several days later, appellant filed a motion for an evidentiary hearing on the motion for new trial. The trial court denied this motion also.

█ In one point of error, appellant argues that the trial court erred in denying his motion for an evidentiary hearing on the motion for new trial. Appellant is entitled to an evidentiary hearing if he presents a timely verified motion for new trial that raises matters extrinsic to the record. *Darrington v. State*, 623 S.W.2d 414, 416 (Tex.Crim.App. [Panel Op.] 1981); *Haight v. State*, 772 S.W.2d 159, 161–62 (Tex.App.—Dallas 1989, pet. ref'd). A trial court's decision to deny a hearing on a motion for new trial will not be overturned absent an abuse of discretion. *Id.*

█ The question in this case is whether appellant raised an issue that was not determinable from the record. Appellant signed a form that waived his right to have a court reporter make a record of the court proceedings. Consequently, there is no record of the plea. The burden is on appellant to see that a sufficient record is presented on appeal to show error. TEX.R.APP.P. 50(d). Without a record of appellant's plea, this Court cannot determine whether appellant's ability to hear and understand the English language was addressed when appellant entered his guilty plea. Accordingly, we cannot determine abuse of discretion. We find appellant has not preserved error.

We overrule point of error one.

We affirm the judgment.