TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00421-CR







John Casaccio, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6340, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of aggravated sexual assault and assessed punishment
at imprisonment for twenty years. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987
Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987
Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). We will affirm the
judgment of conviction.

 The complaining witness, appellant's eleven-year-old step-daughter, testified that
appellant sexually assaulted her three or four times in their home in Lampasas. Although the
complainant could not precisely date the assaults, she stated that the most recent occurred during
July 1993. She testified that on this occasion, she went to sleep on the couch but was awakened
by appellant touching her in her "private" with his "private part." She felt appellant, who was
lying behind her, penetrate her vaginally and anally. She also felt "greasy stuff" between her legs. 
Dr. Beth Nauert, a pediatrician who is an expert in child sexual abuse, testified that the child's
physical condition was consistent with her accusations, but did not conclusively support them.

 Appellant challenges the sufficiency of the evidence to support his conviction, citing
what he considers to be inconsistencies and weaknesses in the testimony of the State's witnesses,
particularly regarding the dates of the assaults. He also points to the inconclusive nature of the
medical testimony and to the four-month delay between the last assault and the child's outcry to
her aunt. Appellant asks us to view the evidence not in the light most favorable to the verdict,
but in the light most favorable to the defense. This leads us to conclude that he is challenging the
factual sufficiency of the evidence rather than the legal sufficiency.

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all the evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as
untimely filed). When we apply this standard of review to the evidence in this cause, we do not
find the jury's verdict to be clearly wrong or unjust. Point of error four is overruled.

 In point of error one, appellant contends that his attorney at trial, who also
represents him on appeal, was ineffective because he did not object to the outcry testimony on the
ground that the State did not timely give the defense a written summary of the testimony. Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(b)(1)(C) (West Supp. 1996). To prevail on a claim of
ineffective assistance of counsel at the guilt stage, an appellant must show that counsel made such
serious errors that he was not functioning effectively as counsel and that these errors prejudiced
the appellant's defense to such a degree that he was deprived of a fair trial. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State,
837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). We must indulge a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record does not indicate why counsel failed to object to the outcry testimony. 
In the absence of proof, we cannot assume that counsel's failure to object was the result of
ineffectiveness. Id. Considering trial counsel's performance as a whole, appellant has not
demonstrated that counsel's conduct was outside the range of reasonable professional assistance. 
Point of error one is overruled.

 Appellant next urges that the district court should have granted his motion for
mistrial due to a violation of the witness rule. Tex. R. Crim. Evid. 613. The motion was made
before testimony resumed on the second day of trial. Outside the presence of the jury, two
persons who had been present the previous day testified that they saw a third spectator, Richard
Rivers, leave the courtroom several times and enter a nearby room where the State's witnesses
were waiting to be called. One of these spectators testified she heard Rivers tell the persons in
the witness room, "[T]he video was a good thing to get [appellant] convicted." Rivers, who also
testified at the hearing, admitted visiting the witness room but denied discussing the trial testimony
with the witnesses. According to Rivers, "[A]ll I did was reassuring Sandy [the outcry witness],
calming them down, asked Diane [the complainant's mother, who did not testify] if she wanted
to smoke a cigarette."

 Appellant did not identify for the district court any testimony tainted by Rivers's
actions, much less demonstrate harm from its admission. See Webb v. State, 766 S.W.2d 236,
239-40 (Tex. Crim. App. 1989) (admission of testimony in violation of witness rule is reversible
error only if complaining party is harmed). The court did not abuse its discretion by overruling
the motion for mistrial. Point of error two is overruled.

 Finally, appellant contends the district court erred by overruling his motion for new
trial based on jury misconduct. The motion was not verified. A motion for new trial complaining
of jury misconduct or any other matter extrinsic to the trial record must, as a matter of pleading
and as a prerequisite to obtaining a hearing, be supported by affidavit. Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993); McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim.
App. 1985); Bearden v. State, 648 S.W.2d 688, 691 (Tex. Crim. App. 1983). Although the
district court conducted a hearing on the motion, the hearing was a nullity since the motion had
been overruled as a matter of law. Trevino v. State, 565 S.W.2d 938, 941 (Tex. Crim. App.
1978); Boykin v. State, 516 S.W.2d 946, 947 (Tex. Crim. App. 1974); Vera v. State, 836 S.W.2d
344, 347 (Tex. App.--Amarillo 1992, no pet.); Tex. R. App. P. 31(e)(3). Under the
circumstances, no error is presented. Point of error three is overruled. 

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 13, 1995

Do Not Publish



1992, pet. ref'd as
untimely filed). When we apply this standard of review to the evidence in this cause, we do not
find the jury's verdict to be clearly wrong or unjust. Point of error four is overruled.

 In point of error one, appellant contends that his attorney at trial, who also
represents him on appeal, was ineffective because he did not object to the outcry testimony on the
ground that the State did not timely give the defense a written summary of the testimony. Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(b)(1)(C) (West Supp. 1996). To prevail on a claim of
ineffective assistance of counsel at the guilt stage, an appellant must show that counsel made such
serious errors that he was not functioning effectively as counsel and that these errors prejudiced
the a