Opinion issued September 22, 2005












     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00734-CR




JUAN PABLO LOERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 962180






MEMORANDUM OPINION

            Appellant, Juan Pablo Loera, waived his right to a trial by jury and pleaded
guilty to the felony offense of aggravated robbery without an agreed recommendation
from the State. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Following the
preparation of a presentence report, the trial court assessed punishment at
confinement in prison for eight years. In his sole issue, appellant contends that the
presentence-investigation procedure authorized by article 42.12, section 9(a) of the
Code of Criminal Procedure violates the Sixth Amendment of the United States
Constitution and appellant’s Apprendi rights by permitting a judge to sentence
appellant based on unsworn statements and allegations that have not been proven
before a jury. We affirm.

 
Background

 
          When the complainant, a pizza-delivery man, delivered a pizza to a residence,
appellant placed the barrel of a rifle on the pizza box held by the complainant, and
stole the pizza from him, along with $18.00 dollars. Appellant pleaded guilty to the
offense, and the trial court sentenced him after a presentence investigation report was
prepared. Appellant’s signed, written plea admonishments include a waiver of his
“right to have a court reporter make a record of the court proceedings” in his case.




 Presentence-Investigation Report

 
          Appellant contends that the trial court violated his Sixth Amendment rights by
considering information contained in a presentence report prepared pursuant to article
42.12, section 9(a) of the Code of Criminal Procedure


 because the information
contained in the report violated Apprendi v. New Jersey. 530 U.S. 466, 120 S. Ct.
2348 (2000). In Apprendi, the Supreme Court held that “[o]ther than the fact of a
prior conviction, any fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury, and proved beyond a reasonable
doubt.” 530 U.S. at 490, 120 S. Ct. at 2362–2363. Appellant argues that the
presentencing report contained allegations of unlawful conduct to which he did not
confess and which were not presented to a jury. Specifically, the report stated that
appellant (1) was expelled from high school for fighting, (2) dropped out of an
alternative campus, (3) first consumed alcohol at the age of 17, and (4) had
experimented with marijuana, cocaine, and Xanax. 

 
          To preserve error for appeal, the defendant must object, state the grounds with
sufficient specificity, and obtain an adverse ruling. Tex. R. App. P. 33.1. Failure to
preserve error generally waives error. Id.; see also Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002) (holding that appellant did not preserve error because of
failure to make timely objection at trial and failure to make objection on appeal
consistent with any made at trial). The defendant’s failure to object at trial can also
result in a waiver of any appellate complaint about constitutional error. Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Curry v. State, 910 S.W.2d 490,
496 (Tex. Crim. App. 1995). Additionally, the defendant’s failure to request a court
reporter results in a waiver of complaints on appeal because it is the defendant’s
burden to see that a sufficient record is presented on appeal to show any error. Emery
v. State, 800 S.W.2d 530, 535 (Tex. Crim. App. 1990); Montoya v. State, 872 S.W.2d
24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). 

 
          The record before us does not contain any objection by appellant to the trial
court on the grounds he asserts in this appeal. Accordingly, appellant has waived the
right to complain about the trial court’s actions. See id. Moreover, because he
waived the right to have a court reporter transcribe the court proceedings and
therefore cannot establish whether he objected at trial, appellant has waived any right
to complain about the trial court’s actions. We hold that appellant has waived his
complaint presented in this appeal. 

 
          We overrule appellant’s issue.
Conclusion
 
          We affirm the judgment of the trial court.
 
                                                                                                                                     
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).