

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00271-CR

ANGEL OBELLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 85th District Court
Brazos County, Texas
Trial Court No. 11-01948-CRF-85, Honorable Kyle Hawthorne, Presiding

July 1, 2016

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Angel Obella, entered a plea of guilty on July 14, 2014, to the offense of aggravated sexual assault of a child under the age of 14 years.[1] Appellant was sentenced to serve 30 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant filed a motion for new trial. Appellant appeals contending that the trial court committed reversible error when it allowed the motion to

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii) (West Supp. 2015).

be overruled by operation of law without setting a hearing on the motion. We will abate and remand for a hearing on appellant's motion for new trial.

## Factual and Procedural Background

Appellant's July 14, 2014 plea of guilty was entered without any plea agreement with the State. After the plea was entered, the trial court accepted the plea of guilty but did not enter a finding of guilt.[2] A punishment hearing was conducted March 15, 2015. After hearing the evidence, the trial court found appellant guilty and sentenced him to serve 30 years in the ID-TDCJ.

On April 14, 2015, appellant filed a motion for new trial. The motion for new trial alleged that appellant's plea of guilty was involuntary because he received ineffective assistance of counsel. Attached to appellant's motion for new trial were the affidavits of appellant and his father, Joe A. Obella. Appellant's affidavit makes the following factual allegations regarding his trial counsel's performance. First, trial counsel met with appellant "no more than 5 times" during the time the case was pending. Second, trial counsel waited until the eve of trial to show appellant the videotape of his interview with the police. Third, trial counsel advised appellant that, since he had no prior felony record, he would probably receive probation. Fourth, trial counsel did not discuss the parole law with appellant, specifically, if he were sentenced to a period of incarceration, he would have to serve half of the prison time before being eligible for parole. Fifth, trial counsel did not discuss the fact that appellant was ineligible for a community supervision sentence based on the offense for which he entered his plea of guilty.

---

[2] Appellant was requesting deferred adjudication community supervision.

Sixth, trial counsel failed to investigate what Joe A. Obella had told appellant about the recantation of the statement given by the victim's sister to the child advocacy center regarding seeing appellant in bed with the victim. The affidavit of Joe A. Obella was limited to asserting that he had advised appellant about the recantation of the prior statement by the sister of the victim but trial counsel never called Joe A. Obella to discuss this matter. Based on these factual allegations, appellant contends that his trial counsel was so ineffective as to render his plea of guilty involuntary.

After appellant's motion for new trial was filed, the State filed a response on May 21, 2015. The State's response included the affidavit of trial counsel. By his affidavit, trial counsel directly challenged the factual allegations contained in appellant's affidavit. The trial court did not conduct a hearing on the motion for new trial. Neither did the trial court enter an order overruling the motion for new trial. Rather, the motion for new trial was overruled by operation of law.

Appellant appeals the failure of the trial court to afford him a hearing on his motion for new trial. Through three issues, appellant contends that he raised sufficient factual allegations to render his plea involuntary and, because he raised these factual allegations, the trial court abused its discretion in not conducting a hearing on the motion for new trial. We will abate and remand to the trial court for a hearing on appellant's motion for new trial.

Standard of Review and Applicable Law

An appellate court reviews the failure to hold a hearing on a motion for new trial based upon an abuse of discretion standard. *See Holden v. State,* 201 S.W.3d 761,

3

763 (Tex. Crim. App. 2006). Failure to hold a hearing on appellant's motion for new trial is an abuse of discretion when the motion raises matters not determinable from the record, as long as the defendant provides a supporting affidavit showing reasonable grounds for holding that relief should be granted. *Smith v. State,* 286 S.W.3d 333, 337 (Tex. Crim. App. 2009). The affidavits need not establish a *prima facie* case, or even reflect every component legally required to establish relief. *Id.* at 339. It is sufficient if a fair reading of the affidavit gives rise to reasonable grounds in support of the allegations. *Id.* However, a trial court may rule based upon sworn pleadings and affidavits without oral testimony; live testimony is not required. *Holden,* 201 S.W.3d at 763. "It has long been held that a trial court may decide a motion for new trial based on sworn pleadings and affidavits admitted in evidence without hearing oral testimony. *Id.* (quoting *Scaggs v. State,* 18 S.W.3d 277, 281 (Tex. App.—Austin 2000, pet. ref'd)).

## Analysis

Appellant contends that the failure to conduct a hearing on the motion for new trial was reversible error. The State's reply is that it filed a controverting affidavit and, when this is reviewed, it is apparent that appellant's motion for new trial should be overruled. To this end, the State spends most of its brief concluding that, under the ineffective assistance of counsel test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), appellant has either not raised a factual issue regarding the deficiencies of trial counsel's performance or has not shown that holding a hearing on the motion for new trial would result in any change in the outcome. *See id.* at 693. While a review on the merits of the motion for new trial might well lead to that conclusion, the State has, in the words of the old adage, "put the cart ahead of

4

the horse." Such is the case because, under the procedural posture in which we find this matter, the State's pleadings and attached affidavit were just that, a pleading and an attached affidavit. Nothing in the record before us demonstrates that the trial court considered anything, appellant's or the State's affidavits. In this case, the motion for new trial was overruled by operation of law only. There is no court order overruling the motion.

The lack of an order overruling the motion is the distinguishing factor between this case and the *Scaggs* case, cited in the State's brief. *See Scaggs,* 18 S.W.3d at 282. The trial court in *Scaggs* clearly stated that it "considered the defendant's Motion for New Trial, the State's Response to the Motion for New Trial, and the affidavits attached to each motion, which are hereby admitted into evidence." *Id.* Because the various enumerated documents were admitted into evidence, the trial court was not required to conduct a hearing with oral testimony. *See Holden,* 201 S.W.3d at 763.

Texas Rule of Appellate Procedure 21.7 states, "The court may receive evidence by affidavit or otherwise." TEX. R. APP. P. 21.7. It does not say, or allude to the fact, that the court may base a decision upon pleadings only. In our case, procedurally, all we have is the appellant's motion and the State's responsive pleadings. Nothing in this record demonstrates that the pleadings and affidavits were ever introduced in evidence. *See* TEX. R. APP. P. 21.7; *Holden,* 201 S.W.3d at 763.

The pleadings of appellant sufficiently raised factual allegations of ineffective assistance of counsel. The purpose of a hearing on a motion for new trial is to decide whether appellant's case should be retried and to prepare a record for presenting issues

on appeal. *Smith*, 286 S.W.3d at 338. Because we have issues raised by the motion for new trial that are not determinable based on the record before us, we conclude that the trial court abused its discretion in not conducting a hearing on the motion. *See id.*

Having concluded that the trial court abused its discretion when it denied appellant a hearing on his motion for new trial, we must now decide the proper remedy and disposition. We observe, initially, that a hearing on a motion for new trial "is fundamentally a part of the post-trial review process, and not a part of the trial itself." *Vera v. State*, 836 S.W.2d 344, 348 (Tex. App.—Amarillo 1992, no pet.) (quoting *Trevino v. State*, 565 S.W.2d 938, 941 (Tex. Crim. App. 1978) (en banc)). A trial court may correct its failure to hold a hearing on a motion for new trial without this Court reversing the trial court's judgment and remanding the cause for a new trial. *See id.* We are directed to refrain from affirming or reversing a judgment when "the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals" and when "the trial court can correct its action or failure to act." *See* TEX. R. APP. P. 44.4. Here, the trial court can correct its error by conducting a hearing on appellant's motion for new trial, thereby allowing for a proper presentation of the cause on appeal.

Accordingly, we abate the appeal and, by virtue of our mandate that will issue forthwith, the trial court will now be reinvested with jurisdiction over this cause. *See Vera*, 836 S.W.2d at 348. We remand the cause to the trial court and order that it conduct a hearing on appellant's motion for new trial. *Id.* Due to the unique procedural considerations this appeal presents, the effect of this Court's disposition is to return appellant to the stage of the proceeding prior to the imposition of sentence and the filing

of the notice of appeal.  *See id.*; *see also Alafa v. State*, No. 07-00-00113-CR, 2000 Tex. App. LEXIS 5600, at *9–10 (Tex. App.—Amarillo Aug. 21, 2000, no pet.) (per curiam)*; Musgrove v. State*, 986 S.W.2d 738, 740 (Tex. App.—San Antonio 1999, pet. ref'd).  Having set aside the notice of appeal, we no longer consider the matter "on appeal" and, instead, consider this particular appeal as finally disposed.  *See Musgrove*, 986 S.W.2d at 740; *Vera*, 836 S.W.2d at 348.[3]  Should the trial court ultimately deny appellant's motion for new trial, the sentence must be reimposed, and appellant, if he so desires, must begin the appeal process anew.  *See Vera*, 836 S.W.2d at 348; *see also Vera v. State*, 868 S.W.2d 433, 436 (Tex. App.—San Antonio 1994, no pet.).

Per Curiam

Publish.

---

[3] We note that our abatement in this case differs from a typical abatement for findings of fact and conclusions of law.  Ordinarily, such an abatement is an interlocutory decision by this Court and is not appealable.  *See Vera*, 836 S.W.2d at 348 n.2.  The abatement in this case is a final, appealable decision. *Id.*