**Order filed August 12, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00274-CR

_____

## DIMAS GONZALES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 15-7565**

## O R D E R

The jury convicted Dimas Gonzales[1] of murder and assessed his punishment at confinement for a term of forty-five years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). As relevant to this order, Appellant asserts

---

[1]We note that Appellant's name as it appears in the indictment is Dimas Gonzales and that the name as reflected in the judgment is Dimas Gonzalez.

in his seventeenth issue that the trial court denied his right to a public hearing—as required by the Sixth and Fourteenth Amendments—at the evidentiary hearing on his motion for new trial. Because we find that Appellant's Sixth Amendment right to a public trial was violated, we abate this appeal and remand the cause to the trial court for a new evidentiary hearing on Appellant's motion for new trial.

*Procedural History*

Appellant filed a motion for new trial alleging, among other things, that he was deprived of the opportunity to put on a defense through the denial of expert testimony that he sought to offer, that he was convicted by a nonunanimous jury, and that the State withheld impeachment evidence for its witnesses. In connection with the hearing on the motion for new trial, Appellant was incarcerated at the time; therefore, his trial counsel filed a request for a bench warrant to procure his attendance, which the trial court denied. Instead, the trial court notified the TDCJ of Appellant's hearing and requested that Appellant have accommodations to appear by telephone. Appellant objected to the denial of the bench warrant in writing before the hearing.

Appellant was not physically present at the hearing on Appellant's motion for new trial. The trial court placed Appellant on a speaker phone and directed Appellant to "keep [his] voice up" if he asked a question or if Appellant had "something that [he] need[ed] to talk to [counsel] about." In his brief, Appellant notes that no arrangements were made for him to communicate with his counsel in a confidential manner.

When the hearing commenced, Appellant's counsel immediately objected to Appellant's absence. Appellant's counsel also objected on the grounds that the hearing was closed to the public and held in a conference room rather than in open court. The trial court summarily overruled Appellant's objections. Neither the trial

court nor the State made any comment on the record about whether the hearing was closed to the public.

During the hearing, Appellant experienced a technical issue and his call temporarily dropped. After the technical issue, and during some downtime while switching between witnesses, Appellant's counsel renewed the objections:

> [DEFENSE COUNSEL]: Your Honor, in this open time, I will just make a record of the fact that we are in a conference room, that only the lawyers, the Court, the court reporter, and the witness under inquiry has been present during these entire proceedings.

> THE COURT: That's correct, counsel. And for the record, the Court allowed this Motion for New Trial to be heard rather than allowing it to be overruled by operation of law.

In total, Appellant's counsel called five witnesses at the hearing on the motion for new trial, and he introduced photographic evidence of the crime scene. At the conclusion of the hearing, the trial court denied Appellant's motion for new trial.

*Analysis*

"The Sixth Amendment of the United States Constitution guarantees an accused the right to a public trial in a criminal prosecution." *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012) (citing U.S. CONST. amend. VI); *Steadman v. State*, 360 S.W.3d 499, 504 (Tex. Crim. App. 2012) (same).[2] The right to a public trial "is necessary to insure that jurors, prosecutors, and the court are kept aware of their sense of responsibility and can properly carry out their functions." *Cameron v. State*, 490 S.W.3d 57, 61 (Tex. Crim. App. 2014) (citing *Waller v. Georgia*, 467 U.S. 39, 46 (1984)). A violation of this right is a structural error that does not require any showing of harm. *Id.*; *Lilly*, 365 S.W.3d at 328.

---

[2]We note that both *Lilly* and *Steadman* were appeals to the Texas Court of Criminal Appeals from this court.

"Trial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials." *Dixon v. State*, 595 S.W.3d 216, 224 (Tex. Crim. App. 2020) (quoting *Presley v. Georgia*, 558 U.S. 209, 215 (2010)). "[A] trial is public, in the constitutional sense, 'when a courtroom has facilities for a reasonable number of the public to observe the proceedings.'" *Id.* at 225 (quoting *Estes v. Texas*, 381 U.S. 532, 539 (1965)).

The text of the Sixth Amendment refers to "trial." However, courts have noted that the right extends to various pretrial and posttrial proceedings. *Steadman* noted that the right extends to voir dire proceedings. 360 S.W.3d at 504 (citing *Presley*, 558 U.S. at 213). *Lilly* concerned a hearing to receive the defendant's plea bargain. 365 S.W.3d at 328. *Waller* involved a pretrial suppression hearing. 467 U.S. at 47.

The question before us is whether the right to a public trial extends to an evidentiary hearing on a motion for new trial. This appears to be a matter of first impression. In *Steadman*, the Texas Court of Criminal Appeals relied on the Supreme Court's analysis in *Waller* and *Presley* to determine whether the Sixth Amendment right to a public trial extends beyond the actual proof offered at trial. *Steadman*, 360 S.W.3d at 504. In *Waller*, the Court noted that "a suppression hearing often resembles a bench trial: witnesses are sworn and testify, and of course counsel argue their positions. The outcome frequently depends on a resolution of factual matters." *Waller*, 467 U.S. at 47. The Court also emphasized the need for an open proceeding when a defendant challenges the conduct of state actors like police and prosecutors. *Id.* In *Presley*, the Court relied on *Waller* to conclude that the right to a public trial extends to voir dire proceedings. 558 U.S. at 723–24. Thus, in determining when the right to a public trial is implicated in a non-trial proceeding,

4

courts have often used the principles of adjudication to determine when the right attaches.

The State contends that the right to a public trial does not extend to an evidentiary hearing on a motion for new trial. To support its contention, the State cites to *Vera v. State*, 836 S.W.2d 344, 348 (Tex. App.—Amarillo 1992, no pet.), and asserts that a hearing on a motion for new trial is "fundamentally a part of the post-trial review process, and not a part of the trial itself." However, we find that the State's reliance on *Vera* is misplaced. *Vera* addressed an instance where the trial court failed to timely set a hearing on a defendant's motion for new trial—allowing the motion to be erroneously overruled by operation of law. 836 S.W.2d at 348. There, the court's comment that a hearing on a motion for new trial is not "part of the trial itself" was in support of the court's remedy—an abatement—to correct an error and allow proper presentment of the cause on appeal. *Id.* Stated simply, because the error involved was a posttrial procedural error, *Vera* did not require a remand for a new trial; instead, the error could be remedied with a remand to correct a posttrial proceeding. *Id.*

We find the analysis in *Waller* to be persuasive. 467 U.S. at 47. An evidentiary hearing on a motion for new trial is analogous to the cases cited above that look to the importance of the accused's right to a public trial and the policy behind the presumption of an open court. "The purpose of a hearing on a motion for new trial is to: (1) 'decid[e] whether the cause shall be retried' and (2) 'prepare a record for presenting issues on appeal in the event the motion is denied.'" *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (quoting *State v. Gonzalez*, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) (plurality opinion)). An evidentiary hearing on a motion for new trial is a criminal defendant's "only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a

record on those matters for appellate review." *Trevino v. State*, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978) (discussing the right to counsel at a posttrial hearing). The Thirteenth Court of Appeals recognized that a hearing on a motion for new trial "justifies the full panoply of adversary safeguards; that is, counsel, confrontation, cross-examination, and compulsory process for witnesses." *See Lopez v. State*, 895 S.W.2d 392, 394 (Tex. App.—Corpus Christi 1994, no pet.) (citing *Trevino*, 565 S.W.2d at 940).

The evidentiary hearing on Appellant's motion for new trial involved sworn testimony of witnesses, arguments of counsel, and an allegation that "the State withheld impeachment evidence on their witnesses." These factors made the proceeding like a trial, as was the case with the suppression hearing in *Waller*. *See* 467 U.S. at 47. Accordingly, we hold that the right to a public trial under the Sixth Amendment attached to the evidentiary hearing on Appellant's motion for new trial.

The next question we must consider is whether the evidentiary hearing on Appellant's motion for new trial was closed to the public. "This is a question to be determined on a case-by-case basis in light of the totality of the evidence." *Cameron*, 490 S.W.3d at 62 (citing *Lilly*, 365 S.W.3d at 330). Appellant asserts that his hearing was closed to the public because it was held in a conference room and he had family members that were not allowed to attend. Conversely, the State contends that "all [A]ppellant's family had to do if they did wish to attend was to communicate with [A]ppellant's counsel." The State also asserts that Appellant cites to no evidence that members of the public were excluded from the conference room. However, "the focus is not on whether the defendant can show that someone was actually excluded. Rather, a reviewing court must look to the totality of the evidence and determine whether the trial court fulfilled its obligation 'to take every reasonable

6

measure to accommodate public attendance at criminal trials.'" *Lilly*, 365 S.W.3d at 331 (quoting P*resley*, 558 U.S. at 215).

As noted in *Cameron*, "[i]t is well established that 'this Court accepts as true factual assertions made by counsel which are not disputed by opposing counsel.'" 490 S.W.3d at 62 (quoting *Thieleman v. State*, 187 S.W.3d 455, 457 (Tex. Crim. App. 2005)). Thus, we accept as true Appellant's counsel's statement that the evidentiary hearing was closed to the public. *See id.* Furthermore, the trial court acknowledged that the hearing was closed to the public by its comment to the effect of "[t]hat's correct, counsel."

The next matter to consider is whether the trial court was justified in closing the proceeding to the public. As noted by the Texas Court of Criminal Appeals in *Cameron*, the *Waller* test is used to determine if the closure was constitutionally justified under the Sixth Amendment. *Id.* "Under *Waller*, a closure will be justified only if the trial court makes findings that closure is necessary to protect an overriding interest and the closure is narrowly tailored to protect that interest." *Id.* at 63 (citing *Waller*, 467 U.S. at 45). "A court also must consider all reasonable alternatives to closure." *Id.* (citing *Presley*, 558 U.S. at 215; *Steadman*, 360 S.W.3d at 509). When a criminal defendant's trial is closed, "[(1)] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [(2)] the closure must be no broader than necessary to protect that interest, [(3)] the trial court must consider reasonable alternatives to closing the proceeding, and [(4)] it must make findings adequate to support the closure." *Lilly*, 365 S.W.3d at 329 (quoting *Waller*, 467 U.S. at 48) (alterations in original).

The reason offered by the trial court for closing the evidentiary hearing to the public on Appellant's motion for new trial did not justify the closure. The trial court did not cite any overriding interest like security concerns or room-size limitations

7

that would justify closure.  *See Cameron*, 490 S.W.3d at 62–63.  The trial court's decision to grant a request for an evidentiary hearing on a motion for new trial is a matter of discretion.  *Smith*, 286 S.W.3d at 339.  We conclude that the discretionary nature of this decision does not permit the trial court to dispense with the requirement of a public trial if the trial court elects to grant a request for an evidentiary hearing on a motion for new trial.  We sustain Appellant's seventeenth issue.  The trial court's order denying Appellant's motion for new trial is vacated, and the cause is remanded for reconsideration of Appellant's motion in accordance with this order.

Rule 44.4 of the Texas Rules of Appellate Procedure provides that a court of appeals may direct a trial court to correct an error when the trial court's error prevents the proper presentation of a case on appeal.  TEX. R. APP. P. 44.4 (a)–(b).  This rule allows the trial court to remedy an error without requiring a new trial if the remedy will permit the appellate court to evaluate the appeal properly.  *LaPointe v. State*, 225 S.W.3d 513, 520–21 (Tex. Crim. App. 2007).

We have determined that Appellant was denied his right to a public hearing on his motion for new trial.  As was the case in *Vera*, the error occurred posttrial.  *See Vera*, 836 S.W.2d at 348.  The scope of the error was limited to the hearing on the motion for new trial, and it had no bearing on the prior stages of Appellant's trial.  The appropriate remedy is to abate the appeal with instructions to the trial court to hold an evidentiary hearing on Appellant's motion for new trial that complies with the public trial requirements of the Sixth Amendment.  *See Washington v. State*, 394 S.W.3d 39, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Vera*, 836 S.W.2d at 348; *see also McQuarrie v. State*, 380 S.W.3d 145, 155 (Tex. Crim. App. 2012) (remanding to the trial court for a new hearing on the motion for new trial when the trial court committed errors at the first hearing).

We additionally note that Appellant asserts in his fifteenth and sixteenth issues that the trial court erred by overruling his request to be physically present at the evidentiary hearing on the motion for new trial. In light of our order remanding this matter for a new hearing on the motion for new trial, we note that Appellant has a statutory right under Article 33.03 to be "personally present" at the hearing. TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006); *see Coons v. State*, 758 S.W.2d 330, 339 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) ("The defendant's right of attendance also includes a hearing on a motion for new trial."); *see also Gibson v. State*, 3 Tex. Ct. App. 437, 441–42 (1878). We disagree with the State's contention that an appearance or participation by phone constitutes being personally present under Article 33.03. There is no authority for this proposition. Additionally, the defendant's physical presence at the hearing on the motion for new trial ensures that the defendant can consult with counsel in a confidential manner and that his right to confrontation is protected.

Therefore, we abate this appeal and order the trial court to hold a new hearing on Appellant's motion for new trial within forty-five days of the date of this order in accordance with the public trial requirements of the Sixth Amendment and the statutory requirement of Article 33.03 that Appellant be physically present at the hearing. The trial court is further ordered to enter a written ruling on Appellant's motion for new trial within fifteen days of the hearing.

We further order (1) that the district clerk forward a supplemental clerk's record containing the trial court's written ruling on Appellant's motion for new trial within thirty days after the trial court files its written order and (2) that the court reporter for the 106th District Court create a supplemental reporter's record containing a transcript of the hearing and to file the supplemental reporter's record with this court within thirty days after the trial court files its written order.

Upon the filing of the supplemental clerk's record and the supplemental reporter's record with this court, the appeal will be reinstated. This court will issue further orders and instructions to the parties as necessary upon the receipt of the record from the new hearing on Appellant's motion for new trial.

It is so ordered.


JOHN M. BAILEY

CHIEF JUSTICE


August 12, 2021

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.