**Jerry PANNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–086–CR.**

Court of Appeals of Texas, Texarkana.

March 25, 1986.

Phil Fugitt, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Hunt County, Greenville, for appellee.

CORNELIUS, Chief Justice.

Jerry Pannell appeals the revocation of his probated sentence for forgery by passing.

Pannell pleaded guilty in December of 1982, to the charge of forgery by passing and was given a ten year probated sentence. On April 26, 1985, the State moved to revoke the probation. After a hearing

was held and evidence produced, judgment was rendered revoking the probation.

Pannell attacks the judgment on the ground that the indictment for the underlying conviction was defective. The indictment charged that Pannell:

[D]id then and there, with intent to defraud and harm another, pass to Lynn Arthur *that* (sic) had been made so that it purported to be the act of another who did not authorize the act *and which said writing is to the tenor following:*

[There appears a copy of both sides of a telegraphic money order payable to and endorsed "Ruby Redmon".]

and the said JERRY PANNELL passed *said writing* with knowledge that *said writing* was forged and *said writing* purports to be and is a sight order for the payment of money; .... (Emphasis added.)

■■■ An indictment for the underlying conviction may be collaterally attacked in a probation revocation proceeding only if it is fundamentally defective. *Reed v. State,* 586 S.W.2d 870 (Tex.Crim.App.1979). Here, although it appears that a characterization of the forged instrument was omitted after the word "that" in the charging paragraph, the forged instrument was clearly identified and depicted in the indictment which charged Pannell with passing "said writing." No essential element of the offense was omitted, and the indictment was not fundamentally defective.

Pannell next contends the State failed to prove that he violated the terms of probation. The motion to revoke alleged two grounds:

1. JERRY PANNELL, said defendant, on the 17th day of January, 1985, in Hunt County, Texas, did then and there intentionally and knowingly enter a habitation by intruding his body into said habitation without the effective consent of the owner, Rodney Ladane Belcher, with the intent to commit the felony offense of Aggravated Assault.

2. JERRY PANNELL, said defendant, on the 17th day of January, 1985, in Hunt County, Texas, did then and there intentionally and knowingly use a deadly weapon, to-wit: a knife that in the manner of its use and intended use was capable of causing death and serious bodily injury and did then and there intentionally and knowingly cause bodily injury to Dudley Shaw by cutting him with the knife.

The judgment cites ground number one as the reason for revocation. The terms of Pannell's probation required that he commit no offense against the laws of any state or political subdivision.

■■■ The State produced testimony from several witnesses that on the date alleged Pannell, in the company of others, forced his way into Rodney Ladane Belcher's apartment in a successful attempt to assault Dudley Shaw with knives; that Pannell had a knife on that occasion which was three or four inches long; and that Pannell and others cut Dudley Shaw. There was thus sufficient evidence to support a finding that Pannell intentionally and knowingly entered a habitation by intruding his body into said habitation without the effective consent of the owner, with the intent to commit the felony offense of aggravated assault.[1] Proof of any one alleged violation of the terms of probation is sufficient to support revocation. *Moore v. State,* 605 S.W.2d 924 (Tex.Crim.App.1980).

Lastly, Pannell argues that the trial court failed to specify the evidence it relied upon in revoking probation as is required by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■■■ The order revoking probation stated that probation was being revoked because on January 17, 1985, Pannell in Hunt County, Texas, "did then and there intentionally and knowingly enter a habitation by intruding his body into said habitation without the effective consent of the owner, Rodney Ladane Belcher, with the intent to commit

---

1. *See* Tex. Penal Code Ann. § 22.02 (Vernon    Supp.1986).

the felony offense of Aggravated Assault."
There is a written record of testimony and
evidence, and such a recitation is a suffi-
cient statement of the reasons and evidence
on which revocation is based. *McDonald
v. State*, 608 S.W.2d 192 (Tex.Crim.App.
1980); *Robinson v. State*, 686 S.W.2d 326
(Tex.App.—Houston [14th Dist.] 1985, no
pet.).

The judgment is affirmed.