George WEBB, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 6-87-096-CR.

Court of Appeals of Texas,
Texarkana.

Aug. 2, 1988.

Discretionary Review Refused
Nov. 9, 1988.

Jane Wynegar, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

GRANT, Justice.

George Webb, Jr. was convicted on July 15, 1986, of felony delivery of cocaine. He was sentenced to seven years in the Department of Corrections and a $700 fine and was placed on probation. The State filed a motion to revoke his probation on June 9, 1987, and filed an amended motion on August 5, 1987. The trial judge conducted a hearing on October 30, found that Webb had violated the terms of his probation and revoked his probation. Webb appeals the revocation.

Webb first contends that the court erred in refusing to provide a hearing on his motion for new trial. He alleged in the motion (1) that the prosecutor attempted to plea bargain with the defendant in the absence of counsel, (2) that during the revocation hearing a deputy sheriff stationed himself behind the defense counsel, looked at counsel's notes, and told the prosecution their contents, (3) that the judge made a ruling during the proceeding in absence of counsel and (4) that the deputy told the defendant while returning him to jail that if the defense would be more cooperative with the prosecutor, things would go better for defense counsel in other matters before that court. His contentions were supported by various affidavits. Webb contends that he is thus entitled by right to a hearing on his motion as set forth in *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim. App.1985).

When a motion for new trial and supporting affidavits attack a verdict on a matter outside the record, if the matters alleged give notice that reasonable grounds exist for disturbing the verdict, a hearing is mandatory. *McIntire v. State, supra; Fielding v. State*, 719 S.W.2d 361 (Tex. App.—Dallas 1986, pet. ref'd).

■ The alleged attempt to plea bargain in the absence of counsel and the allegations of misconduct by a deputy are not allegations of acts which would necessarily discredit the verdict. We will not automatically find harm when an officer walks behind counsel, and note that no objection was made to the deputy's activities. No facts are alleged that show harm to the defendant arising from the deputy's examination of counsel's notes. While the alleged acts of the prosecutor and the deputy are undoubtedly improper, no relationship between these acts and the trial court's decision is alleged that would give notice that reasonable grounds exist for disturbing the verdict.

■ Counsel has not directed us to any portion of the record in connection with his contention that he was not present for rulings by the trial judge, and the record indicates that counsel was present for the entirety of the revocation proceedings.[1] Under these circumstances, Webb presents no issues that required proof to be developed outside the record. Thus, the trial court did not err in refusing to hold a hearing on the motion. *Darrington v. State,* 623 S.W.2d 414 (Tex.Crim.App.1981); *Fielding v. State, supra* at 364.

■ Webb contends in his second point that the court erred in failing to sustain his objections to sidebar remarks by the prosecutor during the hearing. The objection was phrased in this manner:

[DEFENSE COUNSEL]: Your Honor, I object to the sidebar remarks by the State's attorney. I feel like that I—at this time I'm cross-examining the State's witness and that these sidebar remarks are designed to violate George Webb, Jr.'s right....

Also, Your Honor, for purposes of the record, I would like for the record to reflect that the State's attorney has been making noises other than the sidebar remarks and that she just made a snoring noise.

PROSECUTOR: Judge, I think we are all falling asleep.

THE COURT: Let's move on. Counsel will not make any sidebar remarks.

The record indicates that the trial judge sustained the objection by instructing the prosecutor not to make any sidebar remarks. Defendant did not move for a mistrial. A defendant whose objection is sustained receives all the relief that he requested. *Nethery v. State,* 692 S.W.2d 686 (Tex.Crim.App.1985).

Webb also complains of another statement by the prosecutor, but did not make a contemporaneous objection. For a contention to be raised on appeal, it must have been raised at trial by objection. *Powell v. State,* 742 S.W.2d 353 (Tex.Crim.App.1987).

Webb contends in his next point of error that the trial court erred in failing to sustain his objections to specific remarks made by the prosecutor during final argument:

[A]nd you, the Honorable Judge Kolenda, decided to give this man a second chance. You said, "Defendant, I'll put you on probation for seven years; but you've got to abide by the conditions of Probation," which you yourself gave him. And this man looked you in the face and said, "Judge, I don't want to go to the penitentiary. I'm going to abide by these Terms and Conditions of Probation." And he flat-out lied to you.

[DEFENSE COUNSEL]: I'll object to this line of argument. She's giving evidence that's not evidence.

THE COURT: It's argument. Overruled.

Webb contends that the prosecutor's statement that appellant had "flat-out lied" to the court had a prejudicial effect upon the court. Permissible jury arguments by the State must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to defendant's argument; (4) a plea for law enforcement. *Gomez v. State,* 704 S.W.2d 770 (Tex.Crim. App.1985).

1. The affidavit states that a ruling was made in the defense counsel's absence after a motion hearing. The affidavit does not give the date of the hearing or the motion being heard. No objection appears in the record on the matter.

Webb relies upon *Lopez v. State*, 500 S.W.2d 844 (Tex.Crim.App.1973), and *Perkins v. State*, 630 S.W.2d 298 (Tex. App.–Houston [1st Dist.] 1982, pet. ref'd), to support his contention that the prosecutor's statements constitute reversible error. In these cases, the State accused a nontestifying defendant of lying to the jury because he had entered a plea of not guilty or not true. In the present case, the evidence indicates that Webb violated the terms of his probation after previously agreeing to abide by those terms. The prosecutor was clearly referring to the defendant's alleged violation of his agreement to abide by the terms of his probation. Such a conclusion is a reasonable deduction from the evidence.

Webb contends in his fourth point of error that the evidence was insufficient to support the revocation of his probation. At a hearing on a motion to revoke probation, the judge need only find that the allegations set forth by the motion are supported by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391 (Tex.Crim. App.1981); *Russell v. State*, 551 S.W.2d 710 (Tex.Crim.App.1977). The criteria of review is whether the trial judge abused his discretion in revoking probation. *McGuire v. State*, 537 S.W.2d 26 (Tex. Crim.App.1976). The trial court found that Webb had violated the terms of his probation by failing to report to his probation officer, failing to make any payments as required by the terms of his probation, and refusing to perform any of the 100 hours of community service work that had been ordered by the court. The court further found that Webb had violated the terms of his probation by using marihuana, by committing a misdemeanor theft, and by failing to maintain employment. According to the testimony, Webb admitted the use of marihuana to his probation officer. Evidence supporting each allegation was before the court. Proof of any one alleged violation of the terms of probation is sufficient to support revocation. *O'Neal v. State*, 623 S.W.2d 660 (Tex.Crim.App.1981); *Pannell v. State*, 707 S.W.2d 692 (Tex.App.–Texarkana 1986, no pet.). The evidence is suffi-cient to support the findings of the trial court.

Webb contends in his final point of error that the trial court erred in not permitting him to offer testimony about the circumstances of a theft that allegedly occurred during the probationary period. Proof of conviction on this misdemeanor charge was proffered by the State to support its motion to revoke probation. The proof was never admitted by the court. However, the probation officer later testified without objection that Webb had been convicted of misdemeanor theft while on probation.

No bill of exceptions was presented on the topic, and it is impossible for this Court to determine what the excluded testimony would have been. In order for a complaint concerning exclusion of evidence to be considered by this Court, the record must show what the excluded testimony would have been. No such showing was made; therefore, nothing is presented for review. *Stewart v. State*, 686 S.W.2d 118 (Tex.Crim.App.1984).

We affirm the judgment of the trial court.