Dale Thomas BURNS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–92–0059–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 31, 1992.

Bell & Brinkerhoff, David K. Brinkerhoff, Quanah, for appellant.

Dan Mike Bird, Dist. Atty., Vernon, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellant Dale Thomas Burns was convicted by a jury of the offense of delivery of a controlled substance, to-wit: cocaine in an amount less than 28 grams. The court assessed punishment at 60 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

In two points of error, appellant contends the trial court erred in (1) allowing his motion for new trial to be overruled by operation of law without a hearing; and (2) not granting his motion for new trial. We will overrule both points of error and affirm the judgment of the trial court.

Appellant sought a new trial on the basis of newly discovered evidence. An accused is to be granted a new trial "[w]here new evidence favorable to the accused has been discovered since trial." Tex.R.App.P. 30(b)(6). In his motion for new trial, appellant alleged that evidence material to his defense had been discovered since trial. Specifically, appellant alleged that "[w]itnesses whose identities and existence were not known to the Defendant at trial who will testify that Defendant was not in Quanah, Hardeman County, Texas on March 1, 1991, being the date of the alleged offense, have been discovered since the time of trial." [1]

A new trial is warranted on the basis of newly discovered evidence where the accused shows (1) the evidence was unknown to him before trial; (2) his failure to discover the evidence was not due to want of diligence on his part; (3) the materiality of the evidence is such as would probably bring about a different result upon another trial; and (4) the evidence is competent and not merely cumulative, corroborative, collateral or impeaching. *Boyett v. State,* 692 S.W.2d 512, 516 (Tex.Crim. App.1985); *Pinkston v. State,* 744 S.W.2d 329, 335 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Such a showing may only be made at a hearing on the motion for new trial. *See McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Crim.App.1985); *Lamb v. State,* 680 S.W.2d 11, 13 (Tex. Crim.App.1984); *Stephenson v. State,* 494 S.W.2d 900, 909 (Tex.Crim.App.1973); *Enard v. State,* 764 S.W.2d 574, 575 (Tex. App.—Houston [14th Dist.] 1989, no pet). In order to be entitled to a new trial hearing at which evidence warranting a new trial can be introduced, an accused must meet certain prerequisites. Among those prerequisites is the timely filing of a motion for new trial containing allegations which, if true, would require the trial court to order a new trial. *Trout v. State,* 702 S.W.2d 618, 620 (Tex.Crim.App.1985).

In his motion for new trial, appellant alleged that he discovered exculpatory evidence subsequent to trial. However, appellant did not allege that his failure to discover the evidence was not due to a lack of diligence on his part. As discussed above, an accused must make such a showing to obtain a new trial on the basis of newly discovered evidence. Having failed to allege no lack of diligence, appellant was precluded from introducing evidence of that fact at a hearing. *Id.* at 620–21. Since appellant would be unable to prove one of the elements necessary to obtain a new trial on the basis of newly discovered evidence, the trial court was not required

---

**1.** Appellant was alleged to have committed the offense in Hardeman County.

to hold a hearing on appellant's motion for new trial.

■ Even if, *arguendo*, appellant had alleged that his failure to discover the new evidence was not due to want of diligence on his part, his pleading would have been insufficient to warrant a new trial hearing. In order for an accused to be entitled to a hearing on a motion for new trial attacking the verdict of the jury on the basis of matters extrinsic to the record, the motion must be supported by a sufficient affidavit. *McIntire v. State*, 698 S.W.2d at 658. An affidavit is sufficient if it "demonstrates that reasonable grounds exist for believing" a new trial is warranted because of some matter outside the record. *See id.; see also Green v. State*, 754 S.W.2d 687, 688 (Tex.Crim.App.1988); *Meriwether v. State*, 814 S.W.2d 557, 558 (Tex.App.—Beaumont 1991, no pet.); *Brown v. State*, 804 S.W.2d 566, 569 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Webb v. State*, 757 S.W.2d 830, 831 (Tex.App.—Texarkana 1988, pet. ref'd); *Fielding v. State*, 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, pet. ref'd).

■ In the present case, no such reasonable grounds were demonstrated. Appellant supported his motion with the affidavits of four individuals (Sidney Watkins, Nuggie Woods, Lannie Woodard and Laurel Jennings) in an effort to show that he was not in Quanah on the date he was alleged to have committed the offense in question there. In his affidavit, Watkins claimed that he drove appellant from Quanah to Amarillo on February 26, 1991, and that he "continued to see [appellant] on several occasions in Amarillo after the date of February 26, 1991." Watkins attested that to his knowledge, appellant could not have been in Quanah on March 1, 1991.

Woods declared in his affidavit that appellant visited his house in Amarillo every day from February 26, 1991 to "sometime in March, 1991." Woods stated that, to his knowledge, appellant "was continuously in Amarillo from February 26, 1991 until he ... returned to Quanah sometime in May, 1991."

Woodard, appellant's sister, attested in her affidavit that appellant "could not have been in Quanah on March 1, 1991 because he was in Amarillo staying at my house on that date." Jennings, appellant's mother, stated in her affidavit that appellant "was continuously in Amarillo from February 26, 1991 until April 8, 1991."

It should at once be apparent that none of the four affiants was a witness whose identity and existence was unknown to appellant at trial as appellant alleged in his motion for new trial. The affidavits of the four affiants unequivocally show that each affiant was well known to appellant.[2] The affidavits were not sufficient because they did not demonstrate a reasonable ground for believing that a new trial was warranted on the basis of newly discovered evidence. *See Gibbs v. State*, 819 S.W.2d 821, 835–36 (Tex.Crim.App.1991). Accordingly, appellant was not entitled to a hearing on his motion for new trial. The trial court did not err in declining to hold such a hearing. Point of error one is overruled.

■ Point of error two is also overruled. Absent sufficient allegations in a motion for new trial or a sufficient affidavit in support of such a motion, a trial court does not err in declining to hold a hearing and in overruling a motion for new trial or allowing such a motion to be overruled by operation of law. *See Martin v. State*, 823 S.W.2d 391, 393 (Tex.App.—Texarkana), *pet. ref'd*, 830 S.W.2d 137 (Tex.Crim.App. 1992).

The judgment of the trial court is affirmed.

---

2. Appellant did not allege in his motion for new trial that the affiants were known to him but unavailable to testify at trial. Nor, in their affidavits, did any of the affiants suggest an unavailability to testify at appellant's trial.