**Abiud VERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–93–00058–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 5, 1994.

Raul Garcia, Falfurrias, for appellant.

Joe Frank Garza, Dist. Atty., Alice, for appellee.

Before CHAPA, C.J., and GARCIA and LOPEZ, JJ.

## OPINION

CHAPA, Chief Justice.

Appellant, Abiud Vera, was tried by a jury and convicted of aggravated possession of marijuana. Punishment was assessed at twenty-five years confinement and a $50,000 fine. The dispositive issue before this court is whether the trial court erred in refusing to hold a hearing on appellant's motion for new trial. For the reasons stated, we abate the appeal and remand for an evidentiary hearing.

## FACTS

Appellant was arrested on March 9, 1991 during an undercover operation in which police sold approximately 200 pounds of marijuana to appellant and several other co-defendants. The operation was organized after an informant for the Hidalgo County Sheriff's Department was approached by Jose Luis Arebalo, one of the co-defendants, to buy marijuana. The South Texas Narcotics Task Force became involved, sending an undercover agent to negotiate with Arebalo for the purchase of marijuana. Arebalo acted as a broker who lured in other parties to buy the marijuana.

The undercover agent produced a nine pound sample of marijuana that was inspected by appellant, his brother, and another person. Later, an undercover agent arranged with Arebalo for an exchange to occur on March 9, 1991 for approximately 200 pounds of marijuana. On that date, two undercover agents arrived at a warehouse where a total of six buyers were waiting, including Arebalo, the broker, and appellant. One of the undercover officers checked to see if the money was at the warehouse, while the other undercover agent left to pick up the marijuana. When he returned, the buyers checked the marijuana and then paid the

undercover officers. After the deal was completed, police moved in to arrest the co-defendants, including appellant.

## ANALYSIS

In his second point of error, appellant contends the trial court erred in failing to grant a hearing for his motion for new trial. The record reflects that appellant filed two motions for new trial, both of which complained about jury misconduct. Appellant specifically asserted the foreman convinced the jury during deliberations to impose a harsh sentence because the foreman discussed the state's parole laws. Two jurors said by affidavit that the foreman told the jury her brother had been sentenced to twenty years for a crime and was subsequently paroled after serving two or three years of his sentence.

■ The State initially responds that the record fails to show a denial of appellant's request for a hearing on the motions for new trial. The record indicates that appellant filed motions for new trial on December 3, 1992 and December 4, 1992. The motions were heard on January 7, 1993. The statement of facts only contains the following exchange between the court and appellant's lawyer:

The Court: What do you have?

Defense Counsel: Your Honor, we have a Motion for New Trial. We need to bench warrant my client.

The Court: There is no need to bench warrant. Your Motion for New Trial is denied.

Thereafter, the trial court entered a written order denying the motion for new trial.

Under the facts of this case, we disagree with the State that the record must reflect that the trial court specifically denied appellant's request for a hearing on the motions for new trial.

■ It is well settled that a defendant has a right to a hearing on a motion for new trial when the motion raises matters that are not determinable from the record. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). However, if all the issues raised in the motion are determinable from the record itself, then a hearing is unnecessary. *Id.*

Because appellant's motions for new trial alleged jury misconduct, it was plainly obvious that the motions were based on facts outside the record requiring the presentation of extrinsic evidence in an evidentiary hearing. The statement of facts shows that appellant adequately brought the motions to the court's attention. *See* TEX.R.APP.P. 31(c). Furthermore, the record reflects that appellant requested a bench warrant, obviously because he wanted his client present for the evidentiary hearing.

We do not believe the record has to show here that appellant articulated his request specifically for a hearing and that the judge particularly denied the hearing before we can consider whether the court erred in denying the motions without a hearing. Thus, we move on to consider the point of error.

"When a party presents to the trial court a timely motion for new trial, supported by affidavit, which raises matters extrinsic to the record, a trial court abuses its discretion by denying a hearing on the motion." *Vera v. State,* 836 S.W.2d 344, 347 (Tex.App.—Amarillo 1992, no pet.); *see also Reyes,* 849 S.W.2d at 816; *Haight v. State,* 772 S.W.2d 159, 161 (Tex.App.—Dallas 1989, pet. ref'd). The hearing is the only opportunity for an accused to present certain matters that might warrant a new trial and make a record of those matters for appellate review. *Vera,* 836 S.W.2d at 347.

■ Jury misconduct is one of several reasons on which a motion for new trial may be granted. *See* TEX.R.APP.P. 30(b). An allegation of jury misconduct must be supported by an affidavit of a juror. *Brown v. State,* 804 S.W.2d 566, 569 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Moreover, the affidavit must demonstrate that "reasonable grounds exist for believing that jury misconduct occurred." *Id.; see also McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Crim.App. 1985).

■ In the present case, appellant alleged jury misconduct. He presented the affidavits of two jurors, both who said the jury foreman's explanation of the state parole

**436** ■ ■

laws "convinced the rest of the jurors to give [appellant] a large sentence...." We believe the affidavits presented a reasonable basis to believe that jury misconduct might have occurred. Because the basis upon which appellant asserted his motions rested upon facts outside the record, it became mandatory for the trial court to hold an evidentiary hearing that would enable appellant to present evidence to fully develop this matter for appellate review. *See Webb v. State,* 757 S.W.2d 830, 831 (Tex.App.—Texarkana 1988, pet. ref'd).

■ The State responds that a hearing was properly denied because appellant failed to prove the existence of various factors showing jury misconduct as set forth in *Buentello v. State,* 826 S.W.2d 610, 611 (Tex. Crim.App.1992). However, *Buentello* describes the burden of proof the appellant must meet in order to *obtain* a *new trial* based on a discussion of parole by a jury. A defendant is not required to present a prima facie case in order to *get a hearing. Meriwether v. State,* 814 S.W.2d 557, 558 (Tex. App.—Beaumont 1991, no pet.). This issue presented in this appeal is simply whether appellant made a preliminary basis for holding an evidentiary hearing on his motions for new trial. Finding an abuse of discretion under these facts, we sustain the point of error.

■ A hearing on a motion for new trial forms part of the post-trial review process and not part of the trial itself. *Vera,* 836 S.W.2d at 348. "A trial court's failure to hold a hearing on a motion for new trial may be corrected without reversing the trial court's judgment and remanding the cause for a new trial." *Id.* If the trial court's error is correctable by the trial judge, then the judgment must not be reversed, but rather abated to the trial judge so that the court can correct its error. TEX.R.APP.P. 81(a).

Concluding that the trial court abused its discretion in denying a hearing on appellant's motions for new trial, we set aside this appeal and remand this cause back to the trial court. We further order the court to conduct an evidentiary hearing on appellant's motion for new trial. Consequently, this order reinstates jurisdiction of the case in the trial court and returns appellant to the stage of the proceeding before the imposition of sentence and the filing of the notice of appeal. *Vera,* 836 S.W.2d at 348. If the trial court denies the motion for new trial, the sentence must be reimposed and appellant, if he so wishes, must start the appeal process anew. *Id.* We find it unnecessary to address the remaining points of error.