James **MUSGROVE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–92–00407–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 27, 1999.

Nancy B. Barohn, Dallas, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before TOM RICKHOFF, Justice, CATHERINE STONE, Justice and KAREN ANGELINI, Justice.

TOM RICKHOFF, Justice.

James Musgrove was convicted of burglary of a habitation with intent to commit kidnapping and was sentenced to 45 years in prison. He appealed, raising eight points of error. This court affirmed the conviction. *See Musgrove v. State*, No. 4-92-00407-cr(Tex.App.–San Antonio Feb. 15, 1995)(not designated for publication). In his eighth point of error, Musgrove argued that the trial court erred by failing to conduct a hearing on his motion for new trial, which alleged juror misconduct. We overruled this point, holding that the record did not show that the motion for new trial was presented to the trial court within ten days of its filing. *See id.* slip op. at 42-43. On Musgrove's petition for discretionary review, the court of criminal appeals disagreed with this holding. *See Musgrove v. State*, 960 S.W.2d 74, 76 (Tex.Crim.App.1998). Accordingly, it set aside our judgment and remanded the cause *for further consideration of* Musgrove's eighth point of error. *See id.* Upon further consideration, we conclude that the trial court erred by failing to conduct a hearing on the motion for new trial.

### DISCUSSION AND ANALYSIS

■ A motion for new trial alleging juror misconduct must be supported by the affidavit of a juror or some other person in a position to know the facts. *See McIntire v. State*, 698 S.W.2d 652, 658 (Tex.Crim.App. 1985). The policy underlying this pleading requirement is to prevent "fishing expeditions." *Id.* When a motion for new trial alleging juror misconduct is properly supported by affidavit, the defendant has a right to a hearing on the motion. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993); *Vera v. State*, 868 S.W.2d 433, 435 (Tex.App.—San Antonio 1994, no pet.). It is an abuse of discretion for the trial court to

deny such a hearing. *See Reyes*, 849 S.W.2d at 816; *Vera*, 868 S.W.2d at 435.

■ In his motion for new trial, Musgrove alleged that juror misconduct occurred during the punishment phase of his trial because the jury considered how the parole law would apply to his case. The motion was supported by an affidavit from one of the jurors, which stated:

> During the jury's deliberations at the punishment phase of Mr. Musgrove's trial, the jury discussed and considered the manner in which the Texas parole law might be applied to Mr. Musgrove's particular case.

The question presented is whether this affidavit was sufficient to entitle Musgrove to a hearing on his motion for new trial.

■ To obtain a new trial on the ground that the jury improperly considered the parole law, the defendant must establish five elements: 1) a misstatement of the law 2) asserted as a fact 3) by someone professing to know the law 4) which was relied upon by other jurors 5) who for that reason changed their votes to a harsher punishment. *See Sneed v. State*, 670 S.W.2d 262, 266 (Tex. Crim.App.1984). Relying on *Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985), the State argues that to obtain a hearing on his motion for new trial, Musgrove was required to supply a juror's affidavit demonstrating the existence of the five *Sneed* elements. We disagree. It is well settled that a defendant need not make a prima facie showing on each of the *Sneed* elements merely to obtain a hearing on his motion for new trial. *See Reyes*, 849 S.W.2d at 816; *McIntire*, 698 S.W.2d at 658; *Vera*, 868 S.W.2d at 436. Instead, an affidavit is sufficient to entitle the defendant to a hearing if it "demonstrates that reasonable grounds exist for believing that jury misconduct occurred." *McIntire*, 698 S.W.2d at 658. In *McIntire*, the court of criminal appeals emphasized that it had never held "that the affidavit itself, standing alone, must establish each of the five prongs of the test enunciated in *Sneed* ... before a hearing must be held on the issue of parole discussion in the jury room." *Id.* at 658 n. 11. The court also rejected the dictum in *Dugard* suggesting that the affidavit must establish "probable cause" to believe

that an improper discussion of the parole law occurred. *See id.* at 658 n. 12.

We conclude that the juror's affidavit attached to Musgrove's motion for new trial satisfies the "reasonable grounds" test. Taken at face value, the affidavit demonstrates that the jury disregarded the following instruction:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. *You are not to consider the manner in which the parole law may be applied to this particular defendant.*

(emphasis added).[1] The affidavit also demonstrates that the jury violated the statutory provision upon which the court's instruction was based. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4 (Vernon Supp.1998) (mandating that the jury be advised regarding eligibility for parole, but admonished not to consider how the parole law may apply in the defendant's case). Because the affidavit demonstrates reasonable grounds for believing that jury misconduct occurred, the trial court abused its discretion by failing to conduct a hearing on this issue. *Cf. Price v. State,* 818 S.W.2d 883, 889 (Tex.App.—Corpus Christi 1991) (affidavit stating that parole law was "brought up," along with the length of time someone would have to stay in jail, was sufficient to require a hearing) *vacated on other grounds,* 826 S.W.2d 947 (Tex. Crim.App.1992).

The proper remedy for a trial court's failure to hold a hearing on a motion for new trial is to direct the trial court to correct its error. *See* TEX.R.APP. P. 44.4; *Vera,* 868 S.W.2d at 436; *see also Mendoza v. State,* 935 S.W.2d 501, 504 (Tex.App.Waco 1996, no pet.). Accordingly, we abate this appeal, remand the case to the trial court, and order the trial court to conduct an evidentiary hearing on Musgrove's motion for new trial. This order reinstates jurisdiction over the case in the trial court and returns Musgrove to the stage of the proceeding before the imposition of sentence and the filing of the notice of appeal. If the trial court denies the motion for new trial, the sentence must be reimposed, and Musgrove, if he so wishes, must start the appeal process anew. *See Vera,* 868 S.W.2d at 436.

---

1. While many thoughtful jurors could find this instruction either internally contradictory, incomprehensible, or simply nonsensical, correcting the instruction is beyond our mandate. *Cf. Martin v. Texas Dental Plans, Inc.,* 948 S.W.2d 799, 806 (Tex.App.—San Antonio 1997, writ denied) (Rickhoff, J., concurring) (advocating that jurors be told the effect of their answers in civil cases).