**Ernestina RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–99–00131–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 26, 2000.

Rehearing Overruled March 21, 2000.

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Stafford v.* *State*, 813 S.W.2d 503 (Tex.Crim.App.1991).

Adrienne Urrutia Zuflacht, San Antonio, for Appellant.

Lucy Cavazos, Asst. Dist. Atty., Kerrville, for Appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

#### OPINION ON INTERLOCUTORY ORDER

Opinion by: PAUL W. GREEN, Justice.

On February 5, 1999, the trial court found Ernestina Rodriguez guilty of capital murder for the death of her seventy-four day old son, Ramiro, and sentenced Ms. Rodriguez to life in prison. Rodriguez states that a motion for new trial was filed with the trial court on March 5, 1999, and subsequently denied without a hearing. Rodriguez filed this motion to remand to the trial court in order to develop, at an evidentiary hearing, the issues raised in her motion for new trial. Rodriguez contends that the trial court abused its discretion when it denied the motion for new trial without a hearing. She asks that we consider this part of her appeal by motion and suspend briefing until the issue is determined. We decline to address the question of remand by motion rather than as a point of appeal; therefore, we deny the motion to remand, the motion to supplement the record on appeal and the motion to suspend briefing.

■ A defendant does not have an "absolute right" to a hearing on a motion for new trial. *Mendoza v. State*, 935 S.W.2d 501, 503 (Tex.App.-Waco 1996, no pet.), *citing Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993). If all the issues raised in the motion are determinable from the record itself, then a hearing is unnecessary. *Vera v. State*, 868 S.W.2d 433, 435 (Tex.App.-San Antonio 1994, no writ). However, when a party presents to the trial court a timely motion for new trial, properly supported by affidavit, which raises matters extrinsic to the record, a trial court abuses its discretion by denying a hearing on the motion. *See Musgrove v. State*, 986 S.W.2d 738, 739 (Tex.App.-San Antonio 1999, pet. denied); *Vera v. State*, 868 S.W.2d at 435. A supporting affidavit must contain sufficient facts to demonstrate reasonable grounds for holding that relief should be granted. *See Mendoza*, 935 S.W.2d at 503; *Vera*, 868 S.W.2d at 435.

Rodriguez asserts that her motion for new trial was timely and included claims of ineffective assistance of counsel, as well as independent claims that the conviction is contrary to the law and evidence. She says the motion for new trial contains statements from various persons, including two doctors whose opinions were contrary to the position taken by the State at trial

and other persons who would have controverted or clarified the evidence presented at trial.

 Rodriguez is correct that the remedy for a trial court's improper failure to grant an evidentiary hearing on a motion for new trial is remand to the trial court. *See* TEX.R.APP. P. 44.4. However, the motion to remand contains no citation to the record from which we can make the determinations necessary to rule. The motion does not fully present and develop an issue for reversal of the trial court judgment from which we can assess the necessity for remand as would be done in a brief.[1] Further, Rodriguez states there are independent issues requiring reversal not dependent on evidence which may be developed at a hearing on the motion for new trial. If she is correct, we need not reach the hearing issue and any delay caused by consideration of the motion to remand will unnecessarily prolong the appeal. Rodriguez may brief her complaint as an issue on appeal. If, after consideration of the briefs and record, a hearing is crucial to our decision, we will remand to the trial court for a hearing.[2]

Because we hold that a motion is not the proper vehicle to present the issue of remand for evidentiary hearing on a motion for new trial, by separate order, we deny Rodriguez' motion for remand, motion to supplement the record and motion to suspend briefing.

---

1. The lack of development and record references also make it difficult for the State to properly respond to Rodriguez' complaint.

2. The proper place for consideration of the extrinsic evidence is in the trial court, therefore, we also deny Rodriguez' motion to supplement the record on this appeal. *See Mendoza,* 935 S.W.2d at 503.