



# MEMORANDUM OPINION

No. 04-09-00563-CR

Cary Allen **SIMMANG**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-3999W
Honorable Philip Kazen, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   June 9, 2010

AFFIRMED

Cary Simmang was charged with two counts of causing serious mental impairment or injury to a child in violation of section 22.04 of the Texas Penal Code.[1]  Pursuant to a plea bargain agreement, Simmang pleaded nolo contendere to the alleged offenses and was placed on deferred adjudication community supervision for a period of ten years and fined $1,500.  The

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a) (Vernon Supp. 2009).  The information accused Simmang of engaging in inappropriate sexual acts with his two minor daughters, E.S. and R.S.  Specifically, the information alleged Simmang: (1) caused his sexual organ to penetrate E.S.'s sexual organ; and (2) caused his sexual organ to penetrate R.S.'s mouth.

State moved to adjudicate guilt and revoke Simmang's community supervision after he failed to comply with the terms of his community supervision. Specifically, the State alleged Simmang: (1) failed to adhere to the rules and regulations of the Bexar County Community Supervision and Corrections Department Sex Offender Program by possessing pornographic material; (2) failed to make administrative fee payments for the months of September 2008 through December 2008; and (3) failed to make his fine payments for the months of September 2008 through November 2008. After Simmang pleaded true to possessing pornographic material in violation of the rules and regulations of the Bexar County Community Supervision and Corrections Department Sex Offender Program, the trial court revoked his community supervision and adjudicated him guilty of causing serious mental impairment or injury to a child. The trial court sentenced Simmang to forty years imprisonment and fined him $1,500. Simmang appeals, claiming: (1) the trial court abused its discretion by revoking his deferred adjudication community supervision without sufficient evidence that he violated the terms of his community supervision; (2) the punishment assessed by the trial court constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions; (3) the trial court abused its discretion in refusing to hold a hearing on his motion for new trial; and (4) the trial court abused its discretion in not granting his motion for new trial. We affirm.

**REVOCATION OF COMMUNITY SUPERVISION**

Simmang argues the trial court abused its discretion by revoking his deferred adjudication community supervision without sufficient evidence that he violated the terms of his community supervision. A revocation of community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An abuse of discretion occurs "only when the trial [court's] decision was so clearly wrong as to lie outside the zone within

which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). In revocation proceedings, the State has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies this standard "'when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged.'" *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983) (citation omitted). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking a defendant's community supervision. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).

We view the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). "It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not." *Id.* A plea of true, standing alone, is sufficient to support a trial court's revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

At his revocation hearing, Simmang entered a plea of true to violating his community supervision by possessing a pornographic videotape in violation of the rules and regulations of the Bexar County Community Supervision and Corrections Department Sex Offender Program. Simmang, however, claimed he had a reasonable explanation for his failure to comply with the requirements of his community supervision: he had acquired the pornographic videotape "years ago" and had simply forgotten about it. According to Simmang, his home was in disarray and he "just didn't see it." He apologized for his oversight and asked the trial court for leniency.

Simmang's violation of the terms of his community supervision was supported by his plea of true, notwithstanding the fact that he attempted to offer mitigating circumstances. *See McClain v. State*, No. 04-05-00941-CR, 2006 WL 1539638, at *1 (Tex. App.—San Antonio 2006, no pet.) (mem. op., not designated for publication) (concluding appellant's "violation of community supervision was supported by his plea of true, notwithstanding the fact he attempted to offer mitigating circumstances"); *Hays v. State*, 933 S.W.2d 659, 660-61 (Tex. App.—San Antonio 1996, no pet.) (holding "appellant's violation of probation was supported solely by his plea of true, notwithstanding the fact that the State offered nothing to rebut his defense"). Even if we were to disregard Simmang's plea of true, the record nonetheless contains sufficient evidence to establish that he violated the terms of his community supervision.[2] The trial court heard Simmang testify that his home was in disarray and that he had simply forgotten about the pornographic videotape located in the chest of drawers near his bed. It also heard Simmang's girlfriend testify Simmang "was not the neatest housekeeper" and that she had never seen the videotape in his possession. Finally, the trial court heard Simmang's nephew testify that he had given pornographic videotapes, including the videotape in question, to his uncle following his uncle's divorce. He testified he too had forgotten about this particular pornographic videotape. Simmang's nephew further stated he did not believe Simmang would intentionally violate the terms of his community supervision. The trial court, as fact-finder, had the discretion to give no weight to the witnesses' testimony and conclude that Simmang deliberately possessed the pornographic videotape located in his bedroom. *See Garrett*, 619 S.W.2d at 174. Because a rational trier of fact could have found by a preponderance of the evidence that Simmang had

---

[2] Simmang makes several complaints on appeal that it was improper for the trial court to rely upon his plea of true because he was confused by defense counsel's advice concerning the plea. Even if we were to assume it was error for the trial court to rely upon Simmang's plea of true at the revocation hearing, such error does not constitute reversible error under the circumstances because the trial court had ample other evidence before it from which it could base its decision to revoke.

violated the terms of his community supervision by possessing a pornographic videotape, we hold the trial court did not abuse its discretion in revoking Simmang's community supervision. Simmang's first three issues on appeal are overruled.

## CRUEL AND UNUSUAL PUNISHMENT

Simmang also contends the punishment assessed by the trial court constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. The Eighth Amendment to the United States Constitution provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amends. VIII, XIV. The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). The precise contours of the "grossly disproportionate" standard are unclear, but it applies in only "exceedingly rare" and "extreme" cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). The Texas Constitution likewise prohibits "cruel or unusual punishment." TEX. CONST. art. I, § 13. "It has long been recognized that if the punishment assessed is within the range of punishment established by the legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment." *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.−San Antonio 1996, no pet.).

Intentionally or knowingly causing serious mental impairment or injury to a child is a first degree felony. TEX. PENAL CODE ANN. § 22.04(e). "An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years." *Id.* § 12.32(a) (Vernon Supp. 2009). In addition, "an individual adjudged guilty of a felony of the

first degree may be punished by a fine not to exceed $10,000." *Id.* § 12.32(b). In this case, Simmang's sentence of forty years and fine of $1,500 clearly fall within the range of punishment established by the Legislature. Because Simmang's punishment is within the statutory limits, there is no violation of the state constitutional provision against cruel and unusual punishment. *Gonzales v. State*, 386 S.W.2d 139, 140 (Tex. Crim. App. 1965); *Puga*, 916 S.W.2d at 550.

As for whether the punishment violates Simmang's federal constitutional rights, no Eighth Amendment violation has occurred. The crime at issue, intentionally or knowingly causing serious mental impairment or injury to a child, is not a trivial offense. Simmang engaged in deplorable acts with his daughters and received a sentence at only the lower-middle of the statutory punishment range. There is nothing in the record suggesting this is an "extreme" or "extraordinary" case warranting relief on appeal; therefore, we conclude Simmang's sentence does not run afoul of the Eighth Amendment prohibition against cruel and unusual punishment. *See Hernandez v. State*, No. 04-03-00453-CR, 2004 WL 1336066, *1 (Tex. App.—San Antonio 2004, no pet.) (mem. op., not designated for publication) (recognizing "the gross disproportionality principle of the Eighth Amendment does not apply" unless the case is "'extreme' or 'extraordinary'"). Simmang's fourth and fifth issues on appeal are overruled.

### MOTION FOR NEW TRIAL

Simmang further argues the trial court abused its discretion in refusing to hold a hearing on his motion for new trial. Simmang contends his motion for new trial asserted facts related to his sentence that are not determinable from the record, and therefore the trial court should have held a hearing on his motion. We review a trial court's denial of a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009).

"The purpose of a hearing on a motion for new trial is to: (1) 'decid[e] whether the cause shall be retried' and '(2) prepare a record for presenting issues on appeal in the event the motion is denied.'" *Id*. (citations omitted). The right to a hearing on a motion for new trial is not absolute. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). A defendant is entitled to a hearing on a motion for new trial only when he has raised grounds that are undeterminable from the record and could reasonably entitle him to relief. *Smith*, 286 S.W.3d at 338-39. For a defendant to show that he could reasonably be entitled to relief on matters that are not determinable from the record, he must support the motion with an affidavit setting out the factual basis for his claim. *Id*. at 339. A motion for new trial alleging facts outside the record filed without a supporting affidavit is not a proper pleading and is fatally defective. *Klapesky v. State*, 256 S.W.3d 442, 454 (Tex. App.—Austin 2008, pet. ref'd). A trial court does not err when it refuses to grant a hearing on such a motion. *Id*.

Simmang filed his motion for new trial within thirty days of the trial court's imposition of sentence. The motion was neither verified nor supported by an affidavit. Although Simmang subsequently filed an affidavit in support of his new trial motion, the affidavit was not filed until seventy-four days after the imposition of his sentence. When, as here, the defendant files an affidavit in support of the motion for new trial more than thirty days after his sentence was imposed, it constitutes an untimely attempt to amend the new trial motion. *See id.* at 455 ("Filing affidavits in support of a motion for new trial more than [thirty] days after sentencing is considered an untimely attempt to amend the motion."); *see also* TEX. R. APP. P. 21.4 ("The defendant may file a motion for new trial before, but no later than [thirty] days after, the date when the trial court imposes or suspends sentence in open court"; "Within [thirty] days after the date when the trial court imposes or suspends sentence in open court but before the court

overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial"). Because Simmang's only timely filed motion for new trial was unsupported by an affidavit, we conclude the trial court did not abuse its discretion when it refused to hold a hearing on Simmang's motion for new trial. *See Klapesky*, 256 S.W.3d at 454-55 (holding trial court did not abuse its discretion in refusing to hold a hearing on timely filed motion for new trial where defendant presented his supporting affidavit thirty-one days after his sentence was imposed). Simmang's sixth issue is overruled.

Finally, Simmang complains the trial court abused its discretion in not granting his motion for new trial. "Absent sufficient allegations in a motion for new trial or a sufficient affidavit in support of such a motion, a trial court does not err in declining to hold a hearing and in overruling a motion for new trial or allowing such a motion to be overruled by operation of law." *Burns v. State*, 844 S.W.2d 934, 936 (Tex. App.—Amarillo 1992, no pet.); *see Klapesky*, 256 S.W.3d at 455. In light of the facts of this case, we must reject Simmang's contention and overrule his seventh issue on appeal.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH