Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-09-00507-CR

Kenneth Lamont **SIMMONS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B08-588
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:   July 21, 2010

AFFIRMED

After entering of a plea of guilty and being sentenced for felony failure to appear, Appellant Kenneth Lamont Simmons requested the appointment of appellate counsel and an evidentiary hearing on his motion for new trial. The trial court appointed appellate counsel, but did not conduct an evidentiary hearing. On appeal, Simmons claims the trial court's refusal to conduct a hearing on his pro se motion for new trial, during the critical thirty-day period after his sentencing, violated his due process rights. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On July 10, 2009, pursuant to the terms of a negotiated plea agreement, Simmons entered a plea of guilty to felony failure to appear and was sentenced to two years confinement and assessed a fine in the amount of $1,500.00.[1] Shortly thereafter, on July 17, 2009, Simmons wrote two letters to the trial court requesting the court vacate its judgment.[2] In his first letter, Simmons reiterated a claim he raised at trial, namely that the plea agreement read at trial "was not in line with the original plea arrangement," and had been "altered after I signed and sworn [sic] to it" and "I was not advised [of the changes] by my attorney." The letter, however, did not explain precisely how the plea papers were altered. In his second letter to the trial court, Simmons requested the trial court vacate its judgment based on an affirmative defense, namely that he was incarcerated on the date he allegedly failed to appear.[3] Simmons attached three documents to support his incarceration claim: (1) a letter addressed to Simmons at the Kerr County Jail, dated August 15, 2008, from Richard Langlois, a San Antonio attorney representing him in a pending Bexar County case; (2) a copy of the instant indictment, which stated the offense occurred "on or about the 2nd day of September, 2008;" and (3) a copy of the original judgment of conviction in the instant case.

On July 31, 2009, Simmons wrote another letter to the trial court, in which he referenced his previous correspondence and restated his desire to appeal. In his third letter, Simmons pleaded "for consideration of new evidence, appointment of [appellate] counsel, [and]

---

[1] As part of the negotiated plea, the State dismissed a pending charge of unauthorized use of a motor vehicle.

[2] The trial court filed both of Simmons' letters on July 22, 2009.

[3] Incarceration is an affirmative defense to a failure to appear charge. TEX. PENAL CODE ANN. § 38.10(C) (Vernon 2003). Simmons, however, did not raise this affirmative defense at any time prior to writing his second letter.

permission for appeal on the FTA charge."[4]  None of Simmons' letters were supported by affidavits.

Simmons' trial counsel filed a notice of appeal on August 6, 2009 and subsequently withdrew based on an alleged conflict of interest and Simmons' allegations that he "disregarded evidence and dismissed [Simmons'] wishes and concerns on several occasions."  On August 24, 2009, the trial court appointed Simmons new appellate counsel and granted Simmons permission to appeal this case on October 29, 2009.

MOTION FOR A NEW TRIAL HEARING

In his sole issue on appeal, Simmons argues this case should be abated and remanded to the trial court for a hearing on his pro se motion for new trial.

## A.  Standard of Review

An appellate court reviews the trial court's denial of a hearing on a motion for new trial for an abuse of discretion.  *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).  "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable.  We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party."  *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  We will reverse only when the trial court's decision lies outside the zone within which reasonable persons might disagree.  *See Webb*, 232 S.W.3d at 112; *Charles*, 146 S.W.3d at 208; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

---

[4]  Simmons' third letter was dated July 31, 2009, but was filed by the trial court on August 12, 2009.

**B. Hybrid Representation**

It is well-settled in Texas jurisprudence that a defendant has no right to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("[I]n the State of Texas, Appellants are not entitled to 'hybrid' or 'dual' representation."); *Dunn v. State*, 819 S.W.2d 510, 525 (Tex. Crim. App. 1991) (holding a defendant is not "constitutionally entitled to any form of hybrid representation"). "Hybrid representation" is defined as representation partly by counsel and partly by the defendant himself. *Robinson*, 240 S.W.3d at 922. As noted by the Court of Criminal Appeals in *Robinson v. State,* when a criminal defendant is represented by counsel, a trial court has no legal duty to consider and rule on his pro se motion. *Id*; *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, no pet.) (per curiam) (holding defendant must establish that the trial court had a legal duty to perform a non-discretionary act in order to show an abuse of discretion); *In re Velazquez*, No. 04-09-00797-CR, 2010 WL 26335, at *1 (Tex. App.—San Antonio January 6, 2010, no pet.) (mem. op.) ("A trial court has no legal duty to rule on a pro se motion with regard to a criminal proceeding in which the defendant is represented by counsel.").

There is no evidence in the record that Simmons was without counsel during the critical thirty-day filing period for his motion for new trial. *See* TEX. R. APP. P. 21.4(a). Indeed, Simmons was represented by counsel at the time he drafted his pro se motions to the trial judge.[5] Specifically, the record reflects Simmons' trial counsel was appointed on August 15, 2008 and was not discharged from Simmons' case until August 24, 2009.

---

[5] Simmons concedes he was still represented by trial counsel at the time he wrote the letters to the trial court requesting a new trial. Simmons, however, claims this was merely a pro forma representation, "as there was an obvious rift between [Simmons] and [his] trial counsel." Therefore, Simmons alleges his requests were pro se, without the involvement of trial counsel.

Although Simmons' letters may have suggested he was dissatisfied with his court-appointed trial attorney, Simmons' letters are not evidence that his counsel had abandoned him or failed to explain his appellate options. *See Burnett v. State*, 959 S.W.2d 652, 660 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). In fact, in addition to representing Simmons during the preliminary trial matters, the trial counsel acted on Simmons' behalf to file notice of appeal with the court on August 6, 2009. Because Simmons was represented by counsel at the time he filed his pro se motion for new trial, we cannot say the trial court had a legal duty to consider or rule on the motion. *See Robinson*, 240 S.W.3d at 922.

## C. Evidentiary Hearing

Regardless of whether the trial court considered hybrid representation, a defendant's right to an evidentiary hearing is not absolute. *Lempar v. State*, 191 S.W.3d 230, 234 (Tex. App.—San Antonio 2005, pet. ref'd). Instead, an evidentiary hearing on a defendant's motion for new trial is necessary only when the motion is supported by affidavits and raises matters not determinable from the record.[6] If a defendant's motion for new trial is based upon facts outside the record and the defendant fails to provide supporting affidavits, the motion is insufficient as a pleading. *Bearden v. State*, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983) (recognizing an unverified motion for new trial, which is based on matters outside the record, is insufficient as a pleading); *Klapesky v. State*, 256 S.W.3d 442, 454 (Tex. App.—Austin 2008, pet. ref'd) ("A motion for new trial alleging facts outside the record without supporting affidavits is not a proper pleading and is defective; [therefore,] a trial court does not err in refusing to grant a hearing on such a motion.").

---

[6] *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). This is designed to curb the limitless "fishing expeditions" that the absolute right to a hearing would create. *Musgrove v. State*, 986 S.W.2d 738, 739 (Tex. App.—San Antonio 1999, pet. ref'd) ("The policy underlying this pleading requirement is to prevent 'fishing expeditions.'").

None of Simmons' letters were supported by affidavits—despite alleging facts outside the scope of the record. *See Reyes*, 849 S.W.2d at 816. For example, in his first letter, Simmons broadly asserts his attorney did not advise him on the allegedly altered plea bargain agreement. Simmons, however, did not furnish an oath or affidavit to support his assertion. Likewise, Simmons raised the issue of his incarceration for the first time in his second letter, but neglected to attach a sworn statement or supporting affidavit.[7] As such, Simmons' unsupported motions were fatally defective and did not warrant an evidentiary hearing. *See Bearden*, 684 S.W.2d at 690; *Klapesky*, 256 S.W.3d at 454. After reviewing the record, we cannot say the trial court below abused its discretion in refusing to hold an evidentiary hearing on Simmons' motion. *See Wallace*, 106 S.W.3d at 108; *Klapesky*, 256 S.W.3d at 454.

## CONCLUSION

Because Simmons was represented by counsel at the time he sent letters requesting a new trial, and the letters were not supported by sworn affidavits, we cannot say the trial court abused its discretion in denying Simmons' motion for new trial. Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH

---

[7] Simmons' third letter was filed after the thirty-day filing deadline for a motion for new trial and was therefore untimely. *See* Tex. R. App. P. 21.4(a). Nevertheless, Simmons' third letter is unverified and unsupported; it therefore suffers from the same fatal defects as his first and second letters.